# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| STEPHEN C. HUDSON, SR., <br><br> Plaintiff, <br><br> v. <br><br> THE CITY OF BROOKLYN PARK AND BROOKLYN PARK POLICE DEPARTMENT, <br><br> Defendants. | CIVIL NO. 15-CV-420 (PJS/TNL) <br><br> **REPORT & RECOMMENDATION** |

Stephen C. Hudson, Sr., 8700 Stratford Crossing, Brooklyn Park, MN 55443, *pro se* Plaintiff; and

Jana M. O'Leary Sullivan, **League of Minnesota Cities**, 145 University Avenue West, Saint Paul, MN 55103, for Respondents.

This matter is before the Court, Magistrate Judge Tony N. Leung, on Plaintiff Stephen C. Hudson's Motion for Partial Summary Judgment (ECF No. 9) and Motion for Summary Judgment (ECF No. 17). The action has been referred to the undersigned for report and recommendation to United States District Judge Patrick J. Schiltz under 28 U.S.C. § 636 and Local Rule 72.2(b). The Court held a hearing on June 1, 2015. Plaintiff appeared *pro se*, and Jana O'Leary Sullivan appeared on behalf of Defendant. For the reasons set forth below, this Court recommends that Plaintiff's Motion for Partial Summary Judgment and Motion for Summary Judgment be denied.

1

I.  BACKGROUND

Hudson filed his complaint on February 2, 2015, and an amended complaint on February 6, 2015. (Am. Compl., ECF No. 5; *see also* Fed. R. Civ. P. 15(a)(1)(A).) Hudson's Amended Complaint asserts that Defendants have violated 42 U.S.C. § 1983 by (1) inadequately responding to his complaints of a potentially dangerous dog in violation of his rights under the Fourteenth Amendment to the United States Constitution, and (2) failing to meet their record-keeping obligations under the Minnesota Government Data Practices Act, Minnesota Statutes § 13.82 ("MDGPA"). (Am. Compl., ECF No. 5.) Hudson bases his due-process allegations on interactions he had with Brooklyn Park Police Department ("BPPD") officers in the summer of 2014 and January 2015 (*see id.* at 2-3, 4-5), and his MDGPA-based claim on information he learned in December 2014 (*see id.* at 3-4).

Defendants filed an Answer to the Amended Complaint on March 23, 2015. (ECF No. 8.) In their Answer, Defendants "den[ied] each and every allegation" in Hudson's complaint "except as hereinafter admitted, qualified or otherwise explained." (*Id.* at 1.) Defendants proceeded to respond to specific allegations in Hudson's Amended Complaint and assert various affirmative defenses. (*See id.*)

Hudson moved for partial summary judgment on March 30, 2015, asserting that Defendants' Answer failed to address the events alleged to have occurred on June 6, 2014, and that such failure entitled Hudson to summary judgment with respect to the facts as alleged in his Amended Complaint. (ECF No. 10.) Defendants filed an opposition

brief to Hudson's motion on April 20, 2015, asserting that they had, in fact, responded to Hudson's allegations. (ECF No. 15.)

Not content to wait until the May 18, 2015 hearing on his motion for partial summary judgment, Hudson filed another motion for summary judgment on May 6, 2015. (ECF No. 17.) In his second summary judgment motion, Hudson argued that Defendants' counsel had failed to register as Defendants' legal representative by filing a Notice of Appearance, and that as a result of such failure, Defendants' Answer was disqualified and Hudson is therefore entitled to summary judgment. (ECF No. 18.) Defendants opposed the motion. (ECF No. 24.)

The Court heard oral argument on Hudson's motions on June 1, 2015. (*See* ECF No. 29.) After the parties presented their arguments, the Court informed them that it would be issuing a written report and recommendation that Hudson's motions be denied.

## II. ANALYSIS

### A. Legal Standard

Summary judgment is appropriate where no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The movant has the burden of demonstrating that no genuine issue of material fact remains to be decided. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). When a motion for summary judgment has been made and supported by the pleadings and affidavits, the burden shifts to the party opposing the motion to demonstrate that a disputed issue of material fact remains. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

### B. Motion for Partial Summary Judgment

In his first motion, Hudson argues that summary judgment is appropriate on certain factual matters because Defendants failed to respond to allegations in his Amended Complaint. First, Hudson asserts that Defendants Answer failed to address events that Hudson asserts occurred on June 6, 2014, and this failure entitles him to judgment as a matter of law. (ECF No. 10 at 2.)

The first paragraph of Defendants' Answer provides, "Defendants deny each and every allegation, matter, thing and inference contained in [Hudson's] Amended Complaint, except as hereinafter admitted, qualified or otherwise explained." (ECF No. 8 at 1.) With respect to the paragraph in Hudson's Amended Complaint raised in his motion for partial summary judgement, Defendants "admit only that BPPD Case Report 2015-00000139 reflects an incident involving Plaintiff which occurred on or about January 1, 2015 and that said report speaks for itself." (*Id.* at 2.) Because Defendants did not admit, qualify, or otherwise explain the remainder of Paragraph 8's contents, Defendants denied the allegations. The facts contained in Paragraph 8, therefore, remain in dispute. Accordingly, the Court determines that genuine disputes of material facts remain, and summary judgment is therefore inappropriate.

### C. Motion for Summary Judgment

In his second motion, Hudson argues that summary judgment is required because defense counsel did not file a Notice of Appearance before filing Defendants' Answer. (ECF No. 18.) Nothing in the federal or local rules, however, requires defense counsel to file a Notice of Appearance before commencing representation before this Court. Defense

4

counsel has submitted signed pleadings and motions in this action, thus representing to this Court that she is Defendants' legal counsel. Hudson—and more importantly, Defendants—do not contest that Ms. Sullivan is, in fact, Defendants' counsel for this matter. Accordingly, Hudson's second motion is frivolous[1] and must be denied.

[Continued on next page.]

---

[1] In their response to Hudson's second motion, Defendants request that Hudson be limited "to filing only one dispositive motion in the future or upon permission of the Court." (ECF No. 24 at 4.) After careful consideration, the Court determines that such a restriction is not warranted **at this time** in light of Hudson's *pro se* status. Hudson is cautioned, however, that if he continues filing meritless dispositive motions, it may become necessary to impose restrictions on his ability to file motions without prior court approval. *Accord Hudson v. Chase Bank LLC*, No. 15-cv-3034 (ADM/JJK), Report & Recommendation, ECF No. 3, at 2 n.1 (D. Minn. July 23, 2015).

## III. CONCLUSION

Accordingly, based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT** Hudson's Motion for Partial Summary Judgment (ECF No. 9) and Motion for Summary Judgment (ECF No. 17) be **DENIED.**

Date: August  3 , 2015
                                        *s/ Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*Hudson v. Brooklyn Park*
File No. 15-cv-420 (PJS/TNL)

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.