Ex. 1

**From:** Gate Keepers [mailto:stevehudson2009@live.com]
**Sent:** Wednesday, September 16, 2015 7:00 PM
**To:** Sullivan, Jana <jsullivan@lmc.org>
**Subject:** US Distict Court Case No. 15-cv-0420

Ms. Sullivan-

Attached are two US District Court complaints filed on 9/16/15 with the Administrative Office of the US Courts regarding US District Court case no. 15-cv-0420. The filing of these complaints temporarily suspends the filing of any additional pleadings in the case. Given that your organization's on-going fraudulent claim of being counsel of record for the City of Brooklyn Park is at the center of one of these complaints, Plaintiff will exclusively communicate directly with the City of Brooklyn Park regarding the resolution of this matter in the future.

## Federal Tort Claim Form

**8. BASIS OF CLAIM (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).**

On August 25, 2015 Complainant filed a Complaint of Judicial Misconduct & Disability against Minnesota US District Court Magistrate Tony N. Leung regarding US District Court case no. 15-cv-0420. This complaint was based upon Magistrate Leung fraudulently amending Complainant's Motion to Amend the Case Complaint prior to denying the motion based upon the court's own amending of the motion. On August 31, 2015 The U.S 8th Circuit Court of Appeals informed Complainant that his complaint (#8-15-90,003) was being reviewed by the chief judge of the circuit court for appropriate action. In accordance with Federal Rules of Civil Procedure the court was required to immediately (8/25/15) serve the complaint filed against Magistrate Leung upon the case defendants.

On September 8, 2015 (9/8/15), Complainant filed a letter requesting the court immediately serve Complainant's complaint against Judge Leung upon the defendants in addition to properly re-considering Complainant's Motion to Amend the Case Complaint; the court did not respond to Complainant's 9/8/15 request. On September 11, 2015 (9/11/1/5) Complainant filed a second request for the court to serve Complainant's judicial complaint upon the defendants and communicate to Complainant the court's intent regarding the reconsideration of Complainant's Motion to Amend the Case Complaint. On 9/11/15 the court electronically served Complainant's 9/8/15 and 9/11/15 requests; however, the court negligently labeled Complainant's 9/8/15 request "Service of Plaintiff's judicial complaint against Magistrate Tony N. Leung".

On September 14, 2015 (9/14/15) Complainant filed a third request for the court to serve Complainant's judicial complaint upon the case defendants and communicate its intent regarding the reconsideration of Complainant's Motion to Amend the Case Complaint. Additionally, Complainant communicated concern regarding how the court's continued delay in serving Complaint's judicial complaint allowed the case to continue and was providing the defendants an unfair opportunity to potentially file a dispositive motion. On 9/14/15 the Court illegally issued an order denying Complainant's request for the Court

## Federal Tort Claim Form

to serve Complainant's judicial complaint against Magistrate Leung upon the case Defendants and Complainant's request to reconsider Complainant's Motion to Amend the Case Complaint as originally filed as required by law.

The Court has clearly discriminatorily denied Complainant his constitutional right to due process and Complainant seeks the Court's approval to refile an original complaint within a different Court within the 8th District of Minnesota. Plaintiff's new complaint will not seek to add the Municipality of Hennepin County or the State of Minnesota as defendants.

## Federal Tort Claim Form

### 8. BASIS OF CLAIM (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

On May 18, 2015 (5/18/15) Complainant refused to appear at the originally scheduled Pre-trial Scheduling Hearing in Us District Court case no. 15-cv-0420 held by Magistrate Tony N. Leung. Complainant refused to attend this hearing based upon 'counsel' for the case defendants' repeatedly refusing to formally notify the Court regarding their appearance as legal counsel for defendants. 'Counsel' repeatedly informed Complainant that their status as 'counsel of record' for the case defendants afforded them legal standing to represents the defendants during case proceedings without formally notifying the Court. On 5/18/15 the Court filed its minute entry documenting the 5/18/15 Pre-trial Scheduling Hearing which ordered Complainant to direct any future communication with the defendants through the defendants 'counsel of record' Jana O'Leary Sullivan of the League of Minnesota Cities. The Court ordering of Complainant to recognize the League of Minnesota Cities as legal counsel for the defendant's in US District Court case 15-cv-0420 was felonious given the Court's knowledge that the League of Minnesota Cities has never been identified as counsel of record for the City of Brooklyn Park.

During the June 1, 2015 rescheduled Pre-trial Scheduling Hearing in case no. 15-cv-0420 Complainant presented a Motion for Summary Judgment (dated May 6, 2015) and informed the Court that defendants' 'counsel' was in violation of Local Rule 83.6(a) which adopts Minnesota Rules of Professional Conduct and Minnesota General Rule of Practice 104(a) mandating all legal counsel file a Certificate of Representation and Parties or Notice of Appearance with this court's administrator prior to representing the defendants during any case proceeding. Further, Complainant informed the Court that the failure of 'counsel' to adhere to Minnesota General Rule of Practice 104(a) prior to filing the defendants' case Answer constituted misrepresentation under Local Rule 86(a), disqualified the defendants' Answer and eliminated any presence of a 'genuine dispute' regarding any allegations found within Complainant's amended complaint. Finally, Complainant informed the Court that according to Rule 56(a)(c)(1)(B) of the Federal Rules of Civil Procedure the failure of defense 'counsel' to properly notify the Court of its

## Federal Tort Claim Form

appearance legally required the Court to grant Complainant's Motion for Summary Judgment. However, at the conclusion of the June 1, 2015 Pre-trail Scheduling Hearing Magistrate Tony N. Leung verbally denied Complainant's Motion for Summary Judgment by stating "Mr. Hudson you motion has very little merit".

On August 3, 2015 (8/3/15) Magistrate Leung issued a Report and Recommendation (R&R) to deny Complainant's Motion for Summary Judgment by feloniously stating *"Nothing in the federal or local rules, however, requires defense counsel to file a Notice of Appearance before commencing representation before this Court. Defense counsel has submitted signed pleadings and motions in this action, thus representing to this Court that she is Defendants' legal counsel. Hudson—and more importantly, Defendants—do not contest that Ms. Sullivan is, in fact, Defendants' counsel".*

During the August 4, 2015 case Settlement Conference attended by Complainant and 'counsel' for the defendants the Court failed to document Complainant's offer within the proceeding's Minute Entry. A subsequent email request (8/15/15) from Complainant to US District Court Judge Patrick J. Schiltz to include Complainant's settlement offer in the Minute Entry went unaddressed.

On August 4, 2015 (8/4/15) Complainant requested a 30-day extension to appeal the 7/31/15 amended order of Magistrate Leung which illegally denied Complainant's right to submit a Motion for Reconsideration regarding the denial of Complainant's Motion to Amend the case complaint. Additionally, this request sought a time extension in which to 'object to' the 8/3/15 R&R of Magistrate Leung to deny Complainant's Motion for Summary Judgment. On August 6, 2015 Judge Patrick J. Schiltz illegally issued an order illegally granting Complainant a time extension to appeal Magistrate Leung's order which denied Complainant's Motion to Amend the case complaint and granting Complainant additional time in which to 'object to' the 8/3/15 R&R of Magistrate Tony N. Leung. On August 7, 2015 Complainant emailed the chambers of Magistrate Tony N. Leung requesting Magistrate Leung respond to Complainant's 8/4/15 request for a 30-day extension to appeal his 7/31/15 amended order; Complainant's email to Magistrate Leung

## Federal Tort Claim Form

was electronically filed as part of the Court's record [ECF 50] on 8/11/15.  On August 11, 2015 (8/11/15) Judge Patrick J. Schiltz illegally issued an order clarifying that he had already granted Plaintiff until 8/25/15 to 'object to' the 7/31/15 amended order of Magistrate Leung.  Further, the 8/11/15 illegal order of Judge Schiltz feloniously stated "........Under the Local Rules, however, one "objects" to a magistrate judge's order just as one "objects" to an R&R".  On August 15, 2015 Complainant emailed the chamber of Judge Patrick J. Schiltz to inform the Court that Complainant would not be 'appealing' the 7/31/15 amended order or 'objecting to' the 8/3/15 R&R of Magistrate Leung after Complainant as informed of his legal right to appeal the illegal 7/31/15 amended order directly to Magistrate Leung and if necessary to the 8th circuit court of appeals.  On August 26, 2015 (8/26/15) Judge Patrick J. Schiltz adopted the R&R of Magistrate Leung and feloniously denied Complainant's Motion for Summary Judgment by not providing the legal basis for denying Complainant's motion and fraudulently stating that no objections to the 8/3/15 R&R of Magistrate Leung had been filed.

Finally, on September 14, 2015 Judge Patrick J. Schiltz illegally issued an order feloniously stating that the Court's 8/26/15 order denying Complainant's Motion for Summary Judgment was not appealable and that appellate courts ordinarily lack jurisdiction to immediately review a denial of summary judgment.

.

**From:** Sullivan, Jana
**Sent:** Thursday, September 17, 2015 7:49 AM
**To:** 'Gate Keepers'
**Cc:** Chilcott, Sue; Wayne, Debbie
**Subject:** RE: US Distict Court Case No. 15-cv-0420

Ex. 2

Mr. Hudson,

Do not directly contact my client, the City of Brooklyn Park, its employee or its officials, regarding this lawsuit. If you do so, you will be violating the Court's directives, as outlined in the May 18, 2015 order, the June 1, 2015 hearing, and at other times. While you may disagree with the Court's rulings, that is legally insufficient to disobey those orders. If you violate the Court's orders and contact my client directly about this lawsuit, on behalf of the City, I will pursue any and all legal remedies against you, including monetary sanctions.

**Jana O'Leary Sullivan** | Attorney
Tel: (651) 281-1243 | Fax: (651) 281-1298
jsullivan@lmc.org | www.lmc.org
League of Minnesota Cities
145 University Ave. West | St. Paul, MN 55103

*Connecting & Innovating since 1913*

 Web  Facebook  Twitter  Blog



This transmission may contain information that is privileged, confidential, and protected by the attorney-client privilege or attorney work product privilege. If you are not the addressee, note that any disclosure, copying, distribution, or use of the contents of this message is strictly prohibited. If you have received this transmission in error, please destroy it and notify us immediately at our telephone number (651) 281-1200.

**From:** Gate Keepers [mailto:stevehudson2009@live.com]
**Sent:** Wednesday, September 16, 2015 7:00 PM
**To:** Sullivan, Jana <jsullivan@lmc.org>
**Subject:** US Distict Court Case No. 15-cv-0420

Ms. Sullivan-

Attached are two US District Court complaints filed on 9/16/15 with the Administrative Office of the US Courts regarding US District Court case no. 15-cv-0420. The filing of these complaints temporarily suspends the filing of any additional pleadings in the case. Given that your organization's on-going fraudulent claim of being counsel of record for the City of Brooklyn Park is at the center of one of these complaints, Plaintiff will

1

exclusively communicate directly with the City of Brooklyn Park regarding the resolution of this matter in the future.

| From: | Sullivan, Jana |
|---|---|
| Sent: | Thursday, September 17, 2015 8:33 AM |
| To: | leung_chambers@mnd.uscourts.gov |
| Cc: | 'Gate Keepers'; Chilcott, Sue; Wayne, Debbie |
| Subject: | Hudson v. City of Brooklyn Park, Court Case No. 15-cv-0420 (PJS/TNL) |

Ex. 3

Dear Magistrate Leung:

I am contacting you in an effort to informally address a problem presented by pro se Plaintiff. Despite your orders in the May 18, 2015 order, the June 1, 2015 hearing, and at other times, pro se Plaintiff Stephen Hudson informed me yesterday evening that he will again resume directly contacting my client, the City of Brooklyn Park, about this lawsuit. His email is below. Given Mr. Hudson's frequent court submissions, I do not have time to pursue a formal motion before it is anticipated Mr. Hudson will violate this Court's orders. If I am not able to informally correct his anticipated violation, I will seek a formal motion along with any and all legal remedies, including sanctions. On behalf of my client, I respectfully request that you again reiterate that Mr. Hudson is not to directly contact my client about this lawsuit and impose any and all remedies that may be available.

**Jana O'Leary Sullivan** | Attorney
Tel: (651) 281-1243 | Fax: (651) 281-1298
jsullivan@lmc.org | www.lmc.org
League of Minnesota Cities
145 University Ave. West | St. Paul, MN 55103

*Connecting & Innovating since 1913*

 Web   Facebook    Twitter   Blog



This transmission may contain information that is privileged, confidential, and protected by the attorney-client privilege or attorney work product privilege. If you are not the addressee, note that any disclosure, copying, distribution, or use of the contents of this message is strictly prohibited. If you have received this transmission in error, please destroy it and notify us immediately at our telephone number (651) 281-1200.

**From:** Sullivan, Jana
**Sent:** Thursday, September 17, 2015 7:49 AM
**To:** 'Gate Keepers' <stevehudson2009@live.com>
**Cc:** Chilcott, Sue <SChilcott@lmc.org>; Wayne, Debbie <DWayne@lmc.org>
**Subject:** RE: US Distict Court Case No. 15-cv-0420

Mr. Hudson,

Do not directly contact my client, the City of Brooklyn Park, its employee or its officials, regarding this lawsuit. If you do so, you will be violating the Court's directives, as outlined in the May 18, 2015 order, the June 1, 2015 hearing, and at other times. While you may disagree with the Court's rulings, that is legally insufficient to disobey those orders. If you violate the Court's orders and contact my client directly about this lawsuit, on behalf of the City, I will pursue any and all legal remedies against you, including monetary sanctions.

**Jana O'Leary Sullivan** | Attorney
Tel: (651) 281-1243 | Fax: (651) 281-1298
jsullivan@lmc.org | www.lmc.org
League of Minnesota Cities
145 University Ave. West | St. Paul, MN 55103

*Connecting & Innovating since 1913*

 Web   Facebook   Twitter   Blog



This transmission may contain information that is privileged, confidential, and protected by the attorney-client privilege or attorney work product privilege. If you are not the addressee, note that any disclosure, copying, distribution, or use of the contents of this message is strictly prohibited. If you have received this transmission in error, please destroy it and notify us immediately at our telephone number (651) 281-1200.

**From:** Gate Keepers [mailto:stevehudson2009@live.com]
**Sent:** Wednesday, September 16, 2015 7:00 PM
**To:** Sullivan, Jana <jsullivan@lmc.org>
**Subject:** US Distict Court Case No. 15-cv-0420

Ms. Sullivan-

Attached are two US District Court complaints filed on 9/16/15 with the Administrative Office of the US Courts regarding US District Court case no. 15-cv-0420. The filing of these complaints temporarily suspends the filing of any additional pleadings in the case. Given that your organization's on-going fraudulent claim of being counsel of record for the City of Brooklyn Park is at the center of one of these complaints, Plaintiff will exclusively communicate directly with the City of Brooklyn Park regarding the resolution of this matter in the future.

**From:** Gate Keepers <stevehudson2009@live.com>
**Sent:** Friday, September 18, 2015 11:41 AM
**To:** Sullivan, Jana
**Cc:** leung_chambers@mnd.uscourts.gov; schiltz_chambers@mnd.uscourts.gov
**Subject:** Re: Hudson v. City of Brooklyn Park, Court Case No. 15-cv-0420 (PJS/TNL)

Ms. Sullivan:

Ex 4

You currently are not, nor have you ever been, legal counsel for the City of Brooklyn Park in US District Court case no. 15-cv-0420. If you again contact me or the Court regarding this private matter I will file a legal complaint against your organization seeking appropriate monetary damages. Finally, the Court has never issued any <u>order</u> prohibiting me from directly contacting any of the the defendants in US District Court case no. 15-cv-0420.

Stephen Hudson

---

**From:** Sullivan, Jana <jsullivan@lmc.org>
**Sent:** Thursday, September 17, 2015 6:33 AM
**To:** leung_chambers@mnd.uscourts.gov
**Cc:** 'Gate Keepers'; Chilcott, Sue; Wayne, Debbie
**Subject:** Hudson v. City of Brooklyn Park, Court Case No. 15-cv-0420 (PJS/TNL)

Dear Magistrate Leung:

I am contacting you in an effort to informally address a problem presented by pro se Plaintiff. Despite your orders in the May 18, 2015 order, the June 1, 2015 hearing, and at other times, pro se Plaintiff Stephen Hudson informed me yesterday evening that he will again resume directly contacting my client, the City of Brooklyn Park, about this lawsuit. His email is below. Given Mr. Hudson's frequent court submissions, I do not have time to pursue a formal motion before it is anticipated Mr. Hudson will violate this Court's orders. If I am not able to informally correct his anticipated violation, I will seek a formal motion along with any and all legal remedies, including sanctions. On behalf of my client, I respectfully request that you again reiterate that Mr. Hudson is not to directly contact my client about this lawsuit and impose any and all remedies that may be available.

**Jana O'Leary Sullivan** | Attorney
Tel: (651) 281-1243 | Fax: (651) 281-1298
jsullivan@lmc.org | www.lmc.org
League of Minnesota Cities
145 University Ave. West | St. Paul, MN 55103
*Connecting & Innovating since 1913*

 Web  Facebook  Twitter  Blog



This transmission may contain information that is privileged, confidential, and protected by the attorney-client privilege or attorney work product privilege. If you are not the addressee, note that any disclosure, copying, distribution, or use of the contents of this message is strictly prohibited. If you have received this transmission in error, please destroy it and notify us immediately at our telephone number (651) 281-1200.

**From:** Sullivan, Jana
**Sent:** Thursday, September 17, 2015 7:49 AM
**To:** 'Gate Keepers' <stevehudson2009@live.com>
**Cc:** Chilcott, Sue <SChilcott@lmc.org>; Wayne, Debbie <DWayne@lmc.org>
**Subject:** RE: US Distict Court Case No. 15-cv-0420

Mr. Hudson,

Do not directly contact my client, the City of Brooklyn Park, its employee or its officials, regarding this lawsuit. If you do so, you will be violating the Court's directives, as outlined in the May 18, 2015 order, the June 1, 2015 hearing, and at other times. While you may disagree with the Court's rulings, that is legally insufficient to disobey those orders. If you violate the Court's orders and contact my client directly about this lawsuit, on behalf of the City, I will pursue any and all legal remedies against you, including monetary sanctions.

**Jana O'Leary Sullivan** | Attorney
Tel: (651) 281-1243 | Fax: (651) 281-1298
jsullivan@lmc.org | www.lmc.org
League of Minnesota Cities
145 University Ave. West | St. Paul, MN 55103
*Connecting & Innovating since 1913*

Web  Facebook  Twitter  Blog



This transmission may contain information that is privileged, confidential, and protected by the attorney-client privilege or attorney work product privilege. If you are not the addressee, note that any disclosure, copying, distribution, or use of the contents of this message is strictly prohibited. If you have received this transmission in error, please destroy it and notify us immediately at our telephone number (651) 281-1200.

**From:** Gate Keepers [mailto:stevehudson2009@live.com]
**Sent:** Wednesday, September 16, 2015 7:00 PM

**To:** Sullivan, Jana <jsullivan@lmc.org>
**Subject:** US Distict Court Case No. 15-cv-0420

Ms. Sullivan-

Attached are two US District Court complaints filed on 9/16/15 with the Administrative Office of the US Courts regarding US District Court case no. 15-cv-0420. The filing of these complaints temporarily suspends the filing of any additional pleadings in the case. Given that your organization's on-going fraudulent claim of being counsel of record for the City of Brooklyn Park is at the center of one of these complaints, Plaintiff will exclusively communicate directly with the City of Brooklyn Park regarding the resolution of this matter in the future.

**From:**               Gordon_Knoblach@mnd.uscourts.gov on behalf of
                            Leung_Chambers@mnd.uscourts.gov
**Sent:**               Wednesday, September 23, 2015 3:45 PM
**To:**                 Gate Keepers; Sullivan, Jana
**Cc:**                 Schiltz_Chambers@mnd.uscourts.gov
**Subject:**       Re: Hudson v. City of Brooklyn Park, Court Case No. 15-cv-0420 (PJS/TNL)

> **Ex 5**

Good afternoon, Mr. Hudson and Ms. Sullivan,

In light of the email communication received below, the Court reminds Mr. Hudson that he was previously ordered to direct all communication regarding this matter through Ms. Sullivan, Defendant's counsel of record. (ECF No. 21). Several of Plaintiff's filings indicate that he is aware of the Court's order in this regard. (ECF No. 23, at 1; ECF No. 58, at 3). The parties are put on notice that the Court will not address any matters through email. All future disputes between the parties must be brought as formal motions in conformance with applicable rules.

Sincerely,

Gordon F. Knoblach
Law Clerk to Magistrate Judge Tony Leung
leung_chambers@mnd.uscourts.gov
651-848-1870

From:    Gate Keepers <stevehudson2009@live.com>
To:      "Sullivan, Jana" <jsullivan@lmc.org>
Cc:      "leung_chambers@mnd.uscourts.gov" <leung_chambers@mnd.uscourts.gov>, "schiltz_chambers@mnd.uscourts.gov"
<schiltz_chambers@mnd.uscourts.gov>
Date:    09/18/2015 11:41 AM
Subject:    Re: Hudson v. City of Brooklyn Park, Court Case No. 15-cv-0420 (PJS/TNL)

Ms. Sullivan:

You currently are not, nor have you ever been, legal counsel for the City of Brooklyn Park in US District Court case no. 15-cv-0420. If you again contact me or the Court regarding this private matter I will file a legal complaint against your organization seeking appropriate monetary damages. Finally, the Court has never issued any <u>order</u> prohibiting me from directly contacting any of the the defendants in US District Court case no. 15-cv-0420.

Stephen Hudson

From: Sullivan, Jana <jsullivan@lmc.org>

**Sent:** Thursday, September 17, 2015 6:33 AM
**To:** leung_chambers@mnd.uscourts.gov
**Cc:** 'Gate Keepers'; Chilcott, Sue; Wayne, Debbie
**Subject:** Hudson v. City of Brooklyn Park, Court Case No. 15-cv-0420 (PJS/TNL)

Dear Magistrate Leung:

I am contacting you in an effort to informally address a problem presented by pro se Plaintiff. Despite your orders in the May 18, 2015 order, the June 1, 2015 hearing, and at other times, pro se Plaintiff Stephen Hudson informed me yesterday evening that he will again resume directly contacting my client, the City of Brooklyn Park, about this lawsuit. His email is below. Given Mr. Hudson's frequent court submissions, I do not have time to pursue a formal motion before it is anticipated Mr. Hudson will violate this Court's orders. If I am not able to informally correct his anticipated violation, I will seek a formal motion along with any and all legal remedies, including sanctions. On behalf of my client, I respectfully request that you again reiterate that Mr. Hudson is not to directly contact my client about this lawsuit and impose any and all remedies that may be available.

**Jana O'Leary Sullivan** | Attorney
Tel: (651) 281-1243 | Fax: (651) 281-1298
jsullivan@lmc.org | www.lmc.org
League of Minnesota Cities
145 University Ave. West | St. Paul, MN 55103
*Connecting & Innovating since 1913*

Web   Facebook   Twitter   Blog



This transmission may contain information that is privileged, confidential, and protected by the attorney-client privilege or attorney work product privilege. If you are not the addressee, note that any disclosure, copying, distribution, or use of the contents of this message is strictly prohibited. If you have received this transmission in error, please destroy it and notify us immediately at our telephone number (651) 281-1200.

**From:** Sullivan, Jana
**Sent:** Thursday, September 17, 2015 7:49 AM
**To:** 'Gate Keepers' <stevehudson2009@live.com>
**Cc:** Chilcott, Sue <SChilcott@lmc.org>; Wayne, Debbie <DWayne@lmc.org>
**Subject:** RE: US Distict Court Case No. 15-cv-0420

Mr. Hudson,

Do not directly contact my client, the City of Brooklyn Park, its employee or its officials, regarding this lawsuit. If you do so, you will be violating the Court's directives, as outlined in the May 18, 2015 order, the June 1, 2015 hearing, and at other times. While you may disagree with the Court's rulings, that is legally insufficient to disobey those orders. If you violate the Court's orders and contact my client directly about this lawsuit, on behalf of the City, I will pursue any and all legal remedies against you, including monetary sanctions.

**Jana O'Leary Sullivan** | Attorney
Tel: (651) 281-1243 | Fax: (651) 281-1298
jsullivan@lmc.org | www.lmc.org

League of Minnesota Cities
145 University Ave. West | St. Paul, MN 55103
*Connecting & Innovating since 1913*



Web   Facebook   Twitter   Blog

This transmission may contain information that is privileged, confidential, and protected by the attorney-client privilege or attorney work product privilege. If you are not the addressee, note that any disclosure, copying, distribution, or use of the contents of this message is strictly prohibited. If you have received this transmission in error, please destroy it and notify us immediately at our telephone number (651) 281-1200.

**From:** Gate Keepers [mailto:stevehudson2009@live.com]
**Sent:** Wednesday, September 16, 2015 7:00 PM
**To:** Sullivan, Jana <jsullivan@lmc.org>
**Subject:** US Distict Court Case No. 15-cv-0420

Ms. Sullivan-

Attached are two US District Court complaints filed on 9/16/15 with the Administrative Office of the US Courts regarding US District Court case no. 15-cv-0420. The filing of these complaints temporarily suspends the filing of any additional pleadings in the case. Given that your organization's on-going fraudulent claim of being counsel of record for the City of Brooklyn Park is at the center of one of these complaints, Plaintiff will exclusively communicate directly with the City of Brooklyn Park regarding the resolution of this matter in the future.

September 29, 2015

| Mr. Jay Stroebel | Mr. Craig Enevoldsen | Mr. Thomas Grundhoefer |
|---|---|---|
| City Manager | Police Chief | General Counsel |
| City of Brooklyn Park | City of Brooklyn Park | League of Minnesota Cities |
| 5200 85th Avenue N. | 5400 85th Avenue N. | 145 University Ave. West |
| Brooklyn Park, MN. 55443 | Brooklyn Park, MN 55443 | St. Paul, MN 55103 |

Gentlemen:

Ex 6

My name is Stephen C. Hudson and I am the Plaintiff in a U.S District Court case no. 15-CV-0420 which illegally names the City of Brooklyn Park and its police department as defendants.

On September 17, 2015 at 4:27:51 PM CDT the Court apparently granted Plaintiff's request to refile an original case complaint based upon the grossly illegal behavior of the Court and Jana O'Leary Sullivan, an employee of the League of Minnesota Cities and purported counsel of record for the City of Brooklyn Park in U.S District Court case no. 15-CV-0420.

Plaintiff has attached a draft of a new original case complaint which lists the League of Minnesota Cities as a new defendant as well as incorporating the following new charges against the appropriate listed complaint defendants:

- Right to Privacy
- Conspiracy to Defraud
- Gross Conspiracy to Defraud
- Equal Protection Under Law
- Gross Libel

Despite the behavior of the defendants and the League of Minnesota Cities to date, Plaintiff continues to be willing to financially settle this matter outside of the legal process as Plaintiff has attempted to do from the beginning. The settlement of this matter outside of the legal process would facilitate the elimination of the League of Minnesota Cities as a defendant as well as any Conspiracy to Defraud or Gross Conspiracy to Defraud charges outlined in the complaint.

The listed defendants' intent regarding resolving this matter outside of the legal process should be communicated to Plaintiff in written form no later than close of business on October 9, 2015. If Plaintiff has not received written notice regarding the defendants' intent to resolve this matter outside of the legal process Plaintiff will file the original complaint on October 12, 2015 and seek summary judgment against all complaint defendants, as soon as legally feasible, based upon the illegal behavior of the League of Minnesota Cities in US District Court case no. 15-cv-0420.

Regards,

Stephen Hudson

cc: Jana O'Reilly Sullivan

## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Stephen C. Hudson, Sr.

                                        Plaintiff,

vs.                                                                 Case No. 15-CV-0420

                                                                    DEMAND FOR JURY
The City of Brooklyn Park                                           TRIAL: NO
Brooklyn Park Police Department
League of Minnesota Cities
                                        Defendant(s).

## COMPLAINT

1.  Plaintiff

    a.  Plaintiff

        Name                    Stephen C. Hudson, Sr.
        Street Address          8700 Stratford Crossing
        County, City            Hennepin, Brooklyn Park
        State & Zip Code        Minnesota, 55443
        Telephone Number        763.203.9710

2.  Defendants

    a.  Defendant No. 1

        Name                    City of Brooklyn Park
        Street Address          5200 85th Avenue North
        County, City            Hennepin, Brooklyn Park
        State & Zip Code        Minnesota, 55443

    b.  Defendant No. 2

        Name                    Brooklyn Park Police Department
        Street Address          5400 85th Avenue North
        County, City            Hennepin, Brooklyn Park
        State & Zip Code        Minnesota, 55443

## COMPLAINT

c. Defendant No. 3

| | |
|---|---|
| Name | League of Minnesota Cities |
| Street Address | 145 University Ave. West |
| County, City | Ramsey, St. Paul |
| State & Zip Code | Minnesota, 55103 |

JURISDICTION

3. What is the basis for federal court jurisdiction? **Federal Question**

4. If the basis for jurisdiction is Federal Question, which Federal Constitutional, statutory or treaty right is at issue?
   - Conspiracy to Defraud (Civil)
     a. USC 18 Section 241 – Conspiracy against Rights
     b. USC 18 Section 1346 – Honest Service Fraud
   - Gross Conspiracy to Defraud (Civil)
     a. USC 18 Section 242 – Deprivation of Rights under the Color of Law
     b. USC 18 Section 245 – Federally Protected Activities
   - Equal Protection under the Law
   - 42 USC 1983
   - 4th Amendment to the Constitution - Right to Privacy

5. If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party? Each Plaintiff must be diverse from each Defendant for diversity jurisdiction. **NA**

6. What is the basis for venue in the District of Minnesota? **Defendants reside in Minnesota.**

PLAINTIFF STATES THAT:

7. Plaintiff states and alleges that the City of Brooklyn Park (City), its agents, the Brooklyn Park Police Department (BPPD) and League of Minnesota Cities violated Plaintiff's Right to Privacy, Plaintiff's right to Equal Protection under the Law, 42 USC 1983, Conspiracy to Defraud, Gross Libel and / or Gross Negligence. Further, Plaintiff asserts that Defendants' illegal actions were based on Plaintiff's racial status as an african-american male.

8. On March 29, 1999 Plaintiff began driving 'erratically' after unexpectedly turning to verbally chastise his nine year  to 'excessively talking back' who was seated in the back seat, on the driver's side of Plaintiff's vehicle.  Plaintiff's sudden turning to chastise his son caused Plaintiff's vehicle to swerve, attracting the attention of another drive that responded aggressively towards Plaintiff and followed Plaintiff to Plaintiff's home located approximately ½ mile away without Plaintiff's awareness. After arriving home, Plaintiff immediately removed his nine year old son from the back seat of the vehicle and then Plaintiff began using his hand to spank his son

**COMPLAINT**

Plaintiff states that:

on the rear approximately four to five times. After Plaintiff completed spanking his son, an unidentified while male drove by the driveway of Plaintiff's home and stated Plaintiff "I called the police" after having falsely informed BPPD that he had 'witnessed a black male beating a woman' and providing Plaintiff's home address. In response to the unidentified white male's false report, six BPPD police officers arrived in Plaintiff's high-end neighborhood and used police vehicles to 'cordon off' both streets accessing Plaintiff's home just prior to the officers tactically surrounding Plaintiff's home . After Plaintiff was physically surrounded by BPPD in his driveway, Plaintiff became verbally defensive and in response to this defensiveness one of the BPPD officers randomly stated "I guess I'd be upset too if someone surrounded my house". After BPPD informed Plaintiff of the report of the unidentified while male, Plaintiff became irate and explained that earlier Plaintiff's 9 year old son had been misbehaving and Plaintiff had used his hand to spank the child on his rear after removing the child from the back seat of Plaintiff's car. In response, one of the a BPPD Sergent (Riley) informed Plaintiff that BPPD had the right to search Plaintiff's home to ensure 'safety' and stated "for all we know, you might have someone chained in the basement". The Sergent then demanded that Plaintiff remain in the kitchen area (with the five other officers) while he searched Plaintiff's home without Plaintiff's consent. After searching Plaintiff's home and returning to the kitchen the Sergent informed the other officers that the only other home occupant appeared to be a 10 year old boy whom the Sergent had encountered after entering a bedroom and witnessing the boy sitting his bed. The Sergent then thanked Plaintiff, stated 'we don't interfere with child discipline' and hastily exited Plaintiff's home. The illegal search of Plaintiff's home by the BPPD Sergent grossly violated Plaintiff's constitutional rights.

9.  The grossly unconstitutional, grossly discriminatory and grossly negligent actions of City and BPPD as described in paragraph 8, violated Plaintiff's Right to Privacy, Plaintiff's Right to Equal Protection under the Law, 42 USC 1983, constituted Conspiracy to Defraud, Gross Negligence and Gross Libel.

10. On March 29, 1999 Sargent Riley filed a police report on behalf of BPPD (BPPD Report # 1999-00011112) fraudulently stating that the unidentified white male had reported witnessing a "black male driving a vehicle erratically and appearing to be striking someone in the vehicle", that Plaintiff was the incident "reporting party" and that illegal search of Plaintiff's home constituted a "welfare check". Additionally, this report did not state that the unidentified white male 'witness' have identified Plaintiff as the "black male driving a vehicle erratically and appearing to be striking someone in the vehicle".

11. The grossly unconstitutional, grossly discriminatory and grossly negligent actions of City and BPPD as described in paragraph 10, violated Plaintiff's Right to Privacy, Plaintiff's Right to Equal Protection under the Law, 42 USC 1983, constituted Conspiracy to Defraud, Gross Negligence and Gross Libel.

3

**COMPLAINT**

Plaintiff states that:

12. On June 6, 2014 (6/6/14) Plaintiff contacted the Brooklyn Park Police Department (hereafter BPPD) to report being maliciously chased and attacked by an unrestrained dog on public property. BPPD Original Report 2014-00027079.

   a. Plaintiff requested that BPPD require the animal be registered as a Potentially Dangerous Dog under Minnesota Statute 347.50 subd.3(2) and City Ordinance of Brooklyn Park 92.25 be enforced.

   b. Plaintiff's request for BPPD to require the animal be registered as a Potentially Dangerous Dog was denied by BPPD despite meeting all requirements of Minnesota Statute 347.50 subd.3(2).

   c. Plaintiff's request was denied based upon BPPD Deputy Chief Todd Milburn's 'discretionary determination' that the incident did not rise to the level necessary to meet statutory requirements under Minnesota Statute 347.50 subd.3(2).

   d. BPPD Deputy Chief Milburn's denial of Plaintiff's request led to Plaintiff receiving no relief from violations of the following City Ordinances of Brooklyn Park related to the incident which occurred on 6/6/2014:
   - 92.03 – Restraint
   - 92.25 – Potentially Dangerous Dog
   - 92.30 – Public Protection from Dogs

   e. BPPD's failure to provide Plaintiff relief from the above violations led to Plaintiff personally meeting with BPPD Deputy Chief Todd Milburn on August 30, 2014  (8/30/14).

   - During Plaintiff's 8/30/14 meeting with BPPD Deputy Chief Todd Milburn,   Deputy Chief Milburn informed Plaintiff that BPPD would not provide any relief regarding the above violations. Further, Deputy Chief Milburn recommended that Plaintiff seek relief through the legal process.

   - Statements made by Deputy Chief Todd Milburn during Plaintiff's 8/30/14 meeting were documented in Plaintiff's August 30, 2014 letter to BPPD Chief Craig Enevoldsen and Assistant City Manager Michael Sable. See Exhibit 1.

13. The unconstitutional, discriminatory and grossly negligent actions of City as described in paragraph 12, violated Plaintiff's Right to Equal Protection under the Law, 42 USC 1983, and constituted Negligence and Conspiracy to Defraud.

14. On December 5, 2014 (12/5/14) Plaintiff became aware that Plaintiff's "personal public legal record" (hereafter Record) did not comply with Minnesota Data Practices Act or Minnesota Statute 13.82 subd.2.

4

## COMPLAINT

Plaintiff states that:

   a.  On 12/5/14 Plaintiff contacted Lorelei Meyer (Meyer) Support Service Manager- BPPD, via email, seeking relief from the above BPPD state statute violation. See Exhibit 2.

   b.  On 12/5/12 Meyer informed Plaintiff (via email) that BPPD's Record reporting practice was not in violation of Minnesota Data Practices Act or Minnesota Statute 13.82 subd.2. See Exhibit 3.

   c.  On 12/5/14 Plaintiff informed Meyer of BPPD's misinterpretation of Minnesota Statute 13.82 subd.6 and requested a process for Plaintiff to have Plaintiff's Record revised to reflect Minnesota Statute 13.82 subd.2. See Exhibit 4.

   d.  On 12/5/14 Meyer informed Plaintiff that BPPD could not change any information currently found in Plaintiff's Record. See Exhibit 5.

   e.  The protection of Plaintiff's Record is of critical importance to Plaintiff's profession as an Independent Business Consultant (18 years) and an avid community volunteer (25 years).

15. The unconstitutional, discriminatory and grossly negligent actions of City as described in paragraph 14, violated Plaintiff's Right to Equal Protection under the Law, 42 USC 1983, constituted Conspiracy to Defraud, Negligence and Gross Libel.

16. On January 1, 2015 (1/1/15) Plaintiff contacted BPPD to report being maliciously attacked and bitten by an unleashed dog on public property.

   a.  Plaintiff requested that BPPD require the animal be registered as a Potentially Dangerous Dog under Minnesota Statute 347.50 subd.3 (2) and City Ordinance of Brooklyn Park 92.25 be enforced.

   b.  Plaintiff's request was verbally granted by BPPD. See BPPD Original Report 2015-00000139. However, BPPD did not enforce MS 347.50 subd.3(2) or City Ordinance of Brooklyn Park 92.25 and on 1/12/15 illegally declared case 2015-00000139 closed.

   c.  On January 22, 2015 BPPD fraudulently informed Plaintiff, via voicemail, that Plaintiff would receive no relief, regarding case 2015-00000139, in accordance with MS 347.50 subd.3(2), due to the fact that the dog in question had been immediately relocated to another city, outside the jurisdiction of BPPD.

   d.  BPPD provided Plaintiff no relief from a violation of MS 609.50-Obstructing the Legal Process.

## COMPLAINT

Plaintiff states that:

> e. BPPD provided Plaintiff no relief from the following City Ordinances of Brooklyn Park, which occurred under case 2015-00000139:
> - 92.03 – Restraint
> - 92.28 – Restrictions on Future Ownership
> - 92.30 – Public Protection from Dogs
> - 92.35 – Required Animal Licensing

17. The unconstitutional, discriminatory and grossly negligent actions of City as described in paragraph 16, violated Plaintiff's Right to Equal Protection under the Law, 42 USC 1983, constituted Conspiracy to Defraud and Negligence.

18. On March 3, 2015 the amended Complaint in US District Court Case no. 15-CV-0420 was successfully served upon the case defendants and on March 23, 2015 the League of Minnesota Cities (LMC) fraudulently served an amended Complaint answer (Answer) upon Plaintiff purporting to be Counsel of Record for City despite LMC having never been formally identified as Counsel of Record for amended Complaint defendant City.  Answer fraudulently stated that City had not violated any of Plaintiff's rights or committed any illegal action.

19. The grossly fraudulent, discriminatory and felonious actions of LMC as described in paragraph 18, constituted Gross Negligence, Conspiracy to Defraud, Gross Conspiracy to Defraud and violated Procedural Due Process, 42 USC 1983, USC 18 Section 241, USC 18 Section 242, USC 18 Section 245 and USC 18 Section 1346.

20. March 30, 2015 (3/30/15) Plaintiff filed a Motion for Partial Summary Judgment based upon Answer failing to specifically address an amended Complaint allegation regarding an incident which occurred on June 6, 2014.

21. On April 9, 2015 Plaintiff submitted to an 'offer in compromise' to Sullivan (via email) which was 15% below the statutory financial requirement for the amended Complaint violations. Plaintiff's offer also reminded Sullivan that Plaintiff had attempted to settle this matter outside of the legal process directly with the defendants on multiple occasions, that Plaintiff's direct settlement effort with the defendants did not seek financial damages, that the defendants indirectly encouraged Plaintiff to file the case amended Complaint and that Plaintiff's financial offer was beneath the Court required minimum.

22. On April 9, 2015 Sullivan fraudulently informed Plaintiff that City was not interested in financially settling allegations found within amended Complaint and that City would be pursuing summary judgment dismissal of Plaintiff's claims as soon as feasible.

**COMPLAINT**

Plaintiff states that:

23. The grossly fraudulent, discriminatory and felonious actions of LMC as described in paragraph 22, constituted Negligence, Conspiracy to Defraud, Gross Conspiracy to Defraud, violated Procedural Due Process, 42 USC 1983, USC 18 Section 241, USC 18 Section 242, USC 18 Section 245 and USC 18 Section 1346.

24. On April 10, 2015 (4/10/15) Plaintiff requested (via email) a Certificate of Representation from Sullivan supporting her legal standing to represent City in this matter given Kennedy & Graven were the Counsel of Record for City. Additionally, Plaintiff informed Sullivan that Plaintiff was involved in a previous legal experience that 'ended disastrously' due to Plaintiff's 'counsel' not having properly registered as Plaintiff's legal representative. On 4/10/15 Sullivan fraudulently informed Plaintiff (via email) "I should have an answer to you by April 20 about the settlement but at least by the date of the pretrial conference" and "we will forward you a copy of the certificate of representation".

25. The grossly fraudulent, discriminatory and felonious actions of LMC as described in paragraph 24, constituted Negligence, Conspiracy to Defraud, Gross Conspiracy to Defraud, violated Procedural Due Process, 42 USC 1983, USC 18 Section 241, USC 18 Section 242, USC 18 Section 245 and USC 18 Section 1346.

26. On April 16, 2015 Plaintiff informed Sullivan that the court docket in US District Court case no. 15-cv-0420 revealed Answer had been served upon Plaintiff prior to Sullivan notifying the Court of her standing as legal representative for the defendants. Further, Plaintiff informed Sullivan that if the defendants did not accept Plaintiff's 4/9/15 Offer in Compromise that Plaintiff would move the Court for full summary judgment on 4/21/15 after directly informing the defendants of Plaintiff's intent.

27. On April 20, 2015 Sullivan fraudulently filed a Response in opposition to Plaintiff's 3/30/15 Motion for Partial Summary Judgment by purporting to be legal counsel for City. Sullivan's actions were actions were grossly felonious.

28. The grossly fraudulent, discriminatory and felonious actions of LMC as described in paragraph 27, constituted Negligence, Conspiracy to Defraud, Gross Conspiracy to Defraud, violated Procedural Due Process, 42 USC 1983, USC 18 Section 241, USC 18 Section 242, USC 18 Section 245 and USC 18 Section 1346.

29. On April 20, 2015 Sullivan fraudulently submitted to Plaintiff, on behalf of City, a draft of City's Rule 26(f) report for Plaintiff's review.

30. The grossly fraudulent, discriminatory and felonious actions of LMC as described in paragraph 29, constituted Negligence, Conspiracy to Defraud, Gross Conspiracy to Defraud, violated Procedural Due Process, 42 USC 1983, USC 18 Section 241, USC 18 Section 242, USC 18 Section 245 and USC 18 Section 1346.

7

## COMPLAINT

Plaintiff states that:

31. On April 20, 2015 Plaintiff informed Sullivan (via email) that Plaintiff had not received a copy of her registration as the legal counsel for City as Sullivan had promised and that if Sullivan did not provide a copy of the Court substantiated certificate of registration evidencing her legal standing in this matter by close of business Plaintiff would be forced to cease communicating with Sullivan and directly contact Mr. Michael Sable at City to attempt to settle this matter.

32. On April 20, 2015 Sullivan informed Plaintiff (via email) "I have not filed and am I required to file a notice of representation in federal court" and that by utilizing the Court's ECF system she was entered as the attorney of record for the defendants.   Sullivan's statement evidences Sullivan's and LMC's intent to defraud Plaintiff.

33. The grossly fraudulent, discriminatory and felonious actions of LMC as described in paragraph 32, constituted Negligence, Conspiracy to Defraud, Gross Conspiracy to Defraud, violated Procedural Due Process, 42 USC 1983, USC 18 Section 241, USC 18 Section 242, USC 18 Section 245 and USC 18 Section 1346.

34. On April 20, 2015 Plaintiff informed Sullivan (via email) that he would not engage in further discussion with Sullivan regarding this matter. On this same date through written correspondence, Plaintiff informed Mr. Michael Sable of City of the grossly fraudulent behavior of Sullivan and LMC. However, Plaintiff did not receive a response from Michael Sable or City regarding the behavior of LMC.  The lack of response for City indicated City's, Sullivan's and LMC's intent to grossly defraud Plaintiff. The actions of these defendants was grossly felonious.

35. The grossly fraudulent, discriminatory and felonious actions of LMC as described in paragraph 34, constituted Negligence, Conspiracy to Defraud, Gross Conspiracy to Defraud, violated Procedural Due Process, 42 USC 1983, USC 18 Section 241, USC 18 Section 242, USC 18 Section 245 and USC 18 Section 1346.

36. On April 21, 2015 Sullivan informed Plaintiff (via email) 'If Plaintiff could identify the specific court rule (Federal Rule for Civil Procedure or Federal Rule of Practice) or other legal authority for his position regarding Sullivan's requirement to file a notice of representation in federal court, Sullivan would reevaluate her position regarding being required to file a notice of representation in US District Court case no. 15-cv-0420. Further, Sullivan's email feloniously stated "I again want to remind you that you are not permitted under the law to contact my client directly because my client is represented by me, whether you believe that representation is valid or not.  If you contact my client, I will seek all appropriate remedies from the Court".

37. The grossly fraudulent, grossly discriminatory and grossly felonious actions of LMC as described in paragraph 36, constituted Negligence, Conspiracy to Defraud, Gross Conspiracy to Defraud, violated Procedural Due Process, 42 USC 1983, USC 18 Section 241, USC 18 Section 242, USC 18 Section 245 and USC 18 Section 1346.

**COMPLAINT**

Plaintiff states that:

38. On April 30, 2015 Plaintiff forwarded Plaintiff's Rule 26(f) report and Settlement Conference Report drafts directly to Michael Sable at City given Sullivan's refusal to register as the legal representative of City in this matter but did not receive requested feedback from City regarding the finalization of the reports; Plaintiff never submitted copies of these draft reports to Sullivan. On May 4, 2015 Plaintiff submitted his Rule 26(f) report and Settlement Conference Report drafts to the Court electronically by emailing these documents to the chamber of Magistrate Tony N. Leung as ordered. City's failure to provide Plaintiff input regarding the finalization of the case Rule 26(f) and Settlement Conference reports was in violation of the Court's 3/31/15 Order for Pretrial Scheduling Conference and was felonious

39. The fraudulent and discriminatory actions of City as described in paragraph 38, constituted Gross Negligence, Conspiracy to Defraud, Gross Conspiracy to Defraud, violated Procedural Due Process, 42 USC 1983, USC 18 Section 241, USC 18 Section 242, USC 18 Section 245 and USC 18 Section 1346.

40. On May 6, 2015 (5/6/15) Plaintiff filed a Motion for Summary Judgment with the Court (5/6/15 Motion) based upon the fraudulent claim of LMC to be the legal representative of City in US District Court case no. 15-CV-0420. On this same date Sullivan fraudulently filed City's Rule 26(f) and Settlement Conference Reports with the Court purporting to be the legal representative for City in this matter. This action by LMC was felonious.

41. The fraudulent and discriminatory actions of City and LMC as described in paragraph 40, constituted Gross Negligence, Conspiracy to Defraud, Gross Conspiracy to Defraud, violated Procedural Due Process, 42 USC 1983, USC 18 Section 241, USC 18 Section 242, USC 18 Section 245 and USC 18 Section 1346.

42. On May 18, 2015 (5/18/15) Sullivan feloniously represented City during the case Pretrial Conference Hearing. However, Plaintiff had informed the Court on 5/17/15 (via email) that he would not attend this hearing due to Sullivan's failure to respond to Plaintiff's 5/6/15 Motion for Summary Judgment prior to the initial Rule 16 Pretrial Conference as required by law. On 5/18/15 the Court illegally continued the initial Rule 16 Pretrial Conference hearing until June 1, 2015 without granting Sullivan additional time to file a response to Plaintiff's Motion for Summary Judgment. Sullivan's participation in the 5/18/15 Rule 16 Pretrial Conference hearing was grossly felonious given she was not City's legal representative in this matter.

43. The grossly fraudulent, grossly discriminatory and grossly felonious actions of City and LMC as described in paragraph 42, constituted Gross Negligence, Conspiracy to Defraud, Gross Conspiracy to Defraud, violated Procedural Due Process, 42 USC 1983, USC 18 Section 241, USC 18 Section 242, USC 18 Section 245 and USC 18 Section 1346.

**COMPLAINT**

Plaintiff states that:

44. During the 5/18/15 Rule 16 Pretrial Conference hearing Sullivan feloniously informed the Court that LMC was Counsel of Record for City and in response the Court required Plaintiff to continue communicating with Sullivan regarding US District Court case no. 15-CV-0420 by stating in the hearing Minute Entry "Defense counsel, who was present in the courtroom, informed the Court that Plaintiff has refused to recognize her as Defendants' legal representative and persists in contacting Defendants directly. The Court ordered that any more communications Plaintiff wishes to make to Defendants should go through Ms. Sullivan, Defendants' counsel of record" despite Plaintiff not being present. Additionally, this Court 'order' was never distributed and the Court's entire Minute Entry, reflecting Plaintiff's absence from the 5/18/15 Rule 16 Pretrial Conference hearing, was never added to the Court record despite being electronically filed as ECF 21. Sullivan's and LMC's participation in the 5/18/15 Rule 16 Pretrial Conference hearing was grossly felonious.

45. The grossly fraudulent, grossly discriminatory and grossly felonious actions of City and LMC as described in paragraph 44, constituted Gross Negligence, Conspiracy to Defraud, Gross Conspiracy to Defraud, violated Procedural Due Process, 42 USC 1983, USC 18 Section 241, USC 18 Section 242, USC 18 Section 245 and USC 18 Section 1346.

46. On May 18, 2015 Plaintiff contacted Sullivan (via email) to ensure that Sullivan had received Plaintiff's 5/6/15 Motion which Plaintiff had directly served upon Defendant City on 5/6/15 and to inform Sullivan that Gen. R. Pract. 104 required Sullivan to file a Notice of Appearance with the Court.

47. On May 18, 2015 Sullivan fraudulently informed Plaintiff (via email) that she would be responding to Plaintiff's Motion for Summary Judgment on behalf of City and that she had informed the Court she would be responding to this motion prior to the rescheduled Rule 16 Pretrial Conference hearing which was continued until 6/1/15. Further, Sullivan stated she was not required to file a Notice of Appearance with the Court in this matter, that the Minnesota General Rules of Practice do not apply to Minnesota federal courts and that the Court had not required Sullivan to file a Notice of Appearance. Finally, Sullivan fraudulently informed Plaintiff that his amended Complaint claims "do not have merit" and that City would be "moving for summary judgment dismissal shortly". The above actions of Sullivan and LMC were grossly felonious.

48. The grossly fraudulent, grossly discriminatory and grossly felonious actions of City and LMC as described in paragraph 47, constituted Gross Negligence, Conspiracy to Defraud, Gross Conspiracy to Defraud, violated Procedural Due Process, 42 USC 1983, USC 18 Section 241, USC 18 Section 242, USC 18 Section 245 and USC 18 Section 1346.

## COMPLAINT

Plaintiff states that:

49. On May 19, 2015 Plaintiff contacted Magistrate Judge Tony N. Leung (via email) regarding the Court's 5/18/15 'order' which illegally required Plaintiff to direct all desired communication with the defendants through Sullivan, defendants' 'counsel of record'. Plaintiff's email sought to clarify that the Court's 'order' did not grant Sullivan the illegal right to respond to case filings prior to properly filing a Notice of Appearance with the Court. Plaintiff copied Sullivan on this email to the Court but the Court did not respond to Plaintiff's 'clarification request' and allowed Sullivan to continue 'operating' as defendants' 'counsel of record' in this matter.

50. May 26, 2015 Sullivan feloniously filed a Memorandum of Law (Response) in opposition to Plaintiff's 5/6/15 Motion. Page 3, paragraph 1 of Response libeled Plaintiff by stating Plaintiff had not followed the Court's order requiring Plaintiff to recognize Sullivan as counsel of record for the defendants. Additionally, Response grossly and fraudulently stated "However, Plaintiff's motion is frivolous, without merit, and should be denied", that Plaintiff's Motion for Summary Judgment argued "(2) the City's attorney failed to register as City's attorney of record" and "Therefore, Plaintiff' motion for summary judgment fails as a matter of law". Finally, Response grossly and feloniously stated "Specifically, there is no federal rule or other authority that requires Ms. Sullivan to file a notice of representation or appearance or any other similar document". Sullivan's entire 'Memorandum of Law' failed to cite a single legal authority.

51. The grossly fraudulent, grossly discriminatory and grossly felonious actions of City and LMC as described in paragraph 50, constituted Gross Negligence, Conspiracy to Defraud, Gross Conspiracy to Defraud, violated Procedural Due Process, 42 USC 1983, USC 18 Section 241, USC 18 Section 242, USC 18 Section 245 and USC 18 Section 1346.

52. May 26, 2015 Sullivan grossly and fraudulently and grossly and feloniously filed with the Court the sworn "Affidavit of Jana O'Leary Sullivan" (Affidavit) which fraudulently stated that Sullivan was the attorney representing defendant City in US District Court case no. 15-CV-0420. Additionally, Affidavit evidenced City having illegally provided Sullivan a copy of a letter Plaintiff had sent to City "regarding settlement and the 26(f) report" and a copy of Plaintiff's "draft 26(f) report" which Plaintiff had emailed to City prior to the 5/18/15 Rule 16 Pretrial Conference hearing. Finally, Affidavit evidenced City had illegally provided Sullivan a copy of Plaintiff's Notice of Motion for Summary Judgment and Memorandum of Law which City had received on May 7, 2015. To date, defendant City has not responded to Plaintiff's Notice of Motion and Motion for Summary Judgment in US District Court case no. 15-CV-0420.

53. The grossly fraudulent, grossly discriminatory and grossly felonious actions of City and LMC as described in paragraph 52, constituted Gross Negligence, Conspiracy to Defraud, Gross Conspiracy to Defraud, violated Procedural Due Process, 42 USC 1983, USC 18 Section 241, USC 18 Section 242, USC 18 Section 245 and USC 18 Section 1346.

## COMPLAINT

Plaintiff states that:

54. May 26, 2015 LMC feloniously emailed the Court a "Proposed Order" (Order) apparently requesting the Court illegally issue an order dismissing Plaintiff's Motion for Summary Judgment. Sullivan's Proposed Order was not filed with the Court and was submitted (emailed) to the Court separate from Sullivan's Response. Additionally, Sullivan's Proposed Order feloniously stated "The above-entitled matter came on for hearing before the undersigned on a motion for summary judgment brought by Plaintiff". The above actions of LMC were grossly fraudulent, grossly felonious and grossly prejudicial.

55. The grossly fraudulent, grossly discriminatory and grossly felonious actions of LMC as described in paragraph 54, constituted Gross Negligence, Conspiracy to Defraud, Gross Conspiracy to Defraud, violated Procedural Due Process, 42 USC 1983, USC 18 Section 241, USC 18 Section 242, USC 18 Section 245 and USC 18 Section 1346.

56. On June 1, 2015 (6/1/15) Sullivan illegally participated in the case's rescheduled Pretrial Scheduling Conference hearing over the stated objection of Plaintiff made during this proceeding. Sullivan's illegal participation in the 6/1/15 Pretrial Scheduling Hearing disqualified Sullivan from any further legal participation in US District Court case no. 15-CV-0420 and provided Plaintiff legal standing to seek a claim of fraud against LMC given Sullivan's defrauding of the court and Plaintiff.

57. The grossly fraudulent, grossly discriminatory and grossly felonious actions of LMC as described in paragraph 56, constituted Gross Negligence, Conspiracy to Defraud, Gross Conspiracy to Defraud, violated Procedural Due Process, 42 USC 1983, USC 18 Section 241, USC 18 Section 242, USC 18 Section 245 and USC 18 Section 1346.

58. During the 6/1/15 Pretrial Scheduling hearing Plaintiff presented his Motion for Summary Judgment and informed the Court that Sullivan was in violation of Local Rule 83.6(a) which adopts Minnesota General Rule of Practice 104(a) mandating legal counsel file a Notice of Appearance with the Court's administrator prior to representing the defendants during any case proceeding. Further, Plaintiff informed the Court that the failure of 'counsel' to adhere to Gen. R. Pract. 104 104(a) prior to filing the defendants' Answer constituted misrepresentation under Local Rule 86(a), disqualified Answer and eliminated any presence of a 'genuine dispute' regarding any allegations found within the amended Complaint. Finally, Plaintiff informed the Court that according to Rule 56(a)(c)(1)(B) of the Federal Rules of Civil Procedure the failure of defense 'counsel' to properly notify the Court of its appearance legally required the Court to grant Plaintiff's Motion for Summary Judgment. However, at the conclusion of the 6/1/15 Pretrial Scheduling Hearing Magistrate Tony N. Leung verbally and illegally denied Plaintiff's Motion for Summary Judgment by fraudulently stating "Mr. Hudson your motion has very little merit", informed Plaintiff that the Court's order denying Plaintiff's Motion for Summary Judgment would be "forth coming shortly" and feloniously informed Plaintiff 'the defendants were not required to legally respond to Plaintiff's financial offer to settle the case'. On this same

**COMPLAINT**

Plaintiff states that:

date, Plaintiff filed "Plaintiff's Request to File Motion for Reconsideration" in response to the Court's illegal verbal denial of Plaintiff's Motion for Summary Judgment. While Plaintiff's request provided the above legal standing as a basis for the Court to grant Plaintiff's motion the Court would never formally respond to "Plaintiff's Request to File Motion for Reconsideration".

59. On June 17, 2015 Magistrate Leung issued a letter to Plaintiff stating in part "Granting leave for you to file a motion to reconsider before fully and clearly articulating the factual and legal grounds on which the Court based its denial of your motions would be needlessly inefficient. Accordingly, the Court will deny your request to file a motion to reconsider without prejudice to your ability to submit another such request after the Court has issued its written report and recommendation". However, the Court would never issue a written report and recommendation "fully and clearly articulating the factual and legal grounds on which the Court based its denial" of Plaintiff's Motion for Summary Judgment.

60. On June 29, 2015 Plaintiff contacted Sullivan (via email) requesting potential meeting dates in order to fulfill the Court's Pretrial Conference Order which required parties 'to meet independently to discuss settlement' at least two weeks prior to the scheduled August 4, 2015 (8/4/15) case Settlement Conference.  On July 5, 2015 Sullivan refused to provide Plaintiff any potential meeting dates and informed Plaintiff (via email) of her intent to file a letter with the Court illegally requesting the Court reschedule the case Settlement Conference.

61. The grossly fraudulent, grossly discriminatory and grossly felonious actions of City and LMC as described in paragraph 60, constituted Gross Negligence, Conspiracy to Defraud, Gross Conspiracy to Defraud, violated Procedural Due Process, 42 USC 1983, USC 18 Section 241, USC 18 Section 242, USC 18 Section 245 and USC 18 Section 1346.

62. On July 7, 2015 (7/7/15) Sullivan fraudulently filed a letter on behalf of City requesting the Court illegally postpone the case Settlement Conference and fraudulently stating Plaintiff's claims were "wholly without merit".  Additionally, Sullivan's letter stated her grossly fraudulent intent to file a Motion for Summary Judgment "in the next month or two" despite her status as 'counsel of record' not providing  Sullivan the legal status to file any case dispositive motions and the Court's second case Settlement Conference scheduled for March 8, 2016. The Court's 3/8/16 settlement conference would deny Plaintiff his right to exhaust all legal appeal channels in response to the Court granting Sullivan's fraudulent motion to dismiss Plaintiff's amended Complaint.  Finally, Sullivan's attempt to deny Plaintiff his every right to appeal a dispositive motion potentially granted by the Court by unnecessarily delaying the ordered 8/4/15 case Settlement Conference was grossly prejudicial, grossly fraudulent and felonious.

63. The grossly fraudulent, grossly discriminatory and grossly felonious actions of City and LMC as described in paragraph 62, constituted Gross Negligence, Conspiracy to Defraud, Gross Conspiracy to Defraud, violated Procedural Due Process, 42 USC 1983, USC 18 Section 241, USC 18 Section 242, USC 18 Section 245 and USC 18 Section 1346.

**COMPLAINT**

Plaintiff states that:

64. Sullivan's 7/7/15 letter filed with the Court stated "The facts are undisputed, and therefore, discovery is not necessary" indicating Sullivan's 5/26/15 Response was grossly felonious. Further, Sullivan's letter fraudulently stated "The City cannot think of any non-monetary terms that would be reasonable, and Plaintiff has not indicated he would dismiss his case for non-monetary terms alone. Of course, if the scheduling conference continues as scheduled, the City will participate in the settlement conference in good faith". This statement by Sullivan was grossly fraudulent given Sullivan did not legally represent City and had no legal right to fraudulently indicate she could legally represent City during the case settlement conference. The above statement by Sullivan was grossly felonious.

65. The grossly fraudulent, grossly discriminatory and grossly felonious actions of City and LMC as described in paragraph 64, constituted Gross Negligence, Conspiracy to Defraud, Gross Conspiracy to Defraud, violated Procedural Due Process, 42 USC 1983, USC 18 Section 241, USC 18 Section 242, USC 18 Section 245 and USC 18 Section 1346.

66. On July 9, 2105 Plaintiff filed with the Court a Notice of Motion and Motion to Amend Case Amended Complaint (7/9/15 Motion). On July 16, 2015 Sullivan feloniously filed on behalf of City a "Defendant City of Brooklyn Park's `Memorandum of Law' (7/16/15 Memorandum) in opposition to Plaintiff's Motion to Amend the Complaint". Sullivan's 7/16/15 Memorandum grossly and fraudulently stated "Pro se Plaintiff Stephen Hudson ("Plaintiff") moves to amend his "Complaint" in order to add claims against Defendant City of Brooklyn Park's legal counsel Jana O'Leary Sullivan, Sullivan's employer the League of Minnesota Cities ("League"), Hennepin County, and the State of Minnesota. There is no legal basis for Plaintiff's claims against Sullivan, the League, Hennepin County, or the State. Therefore, the City respectfully requests this Court deny Plaintiff's motion and grant the City its attorney fees in opposing this motion". This statement by City and Sullivan was grossly felonious.

67. The grossly fraudulent, grossly discriminatory and grossly felonious actions of City and LMC as described in paragraph 66, constituted Conspiracy to Defraud, Gross Conspiracy to Defraud, violated Procedural Due Process, 42 USC 1983, USC 18 Section 241, USC 18 Section 242, USC 18 Section 245 and USC 18 Section 1346.

68. Further, Sullivan's 7/16/15 Memorandum grossly and fraudulently stated "In this case, the Court should deny Plaintiff's motion to amend because the proposed amendment would be futile. In his proposed Amended Complaint, Plaintiff asserts claims against Hennepin County and the State of Minnesota because the City of Brooklyn Park is located within the county and state. Further, Plaintiff asserts claims against Sullivan and the League, again contending that Sullivan is

14

**COMPLAINT**

Plaintiff states that:

improperly representing the City. These claims are wholly without merit". Additionally, Sullivan's 7/16/15 Memorandum grossly and fraudulently stated "There is no law that authorizes suit against a public entity merely because a defendant government subdivision is located within its borders. Nor is there any law that permits suit against Sullivan and the League in these circumstances. As this Court has now stated and made clear several times, Sullivan is the City's attorney of record. Contrary to Plaintiff's unsupported assertions, Sullivan need not take any additional steps to be recognized as the City's attorney of record". Sullivan's statement was grossly fraudulent and grossly felonious. Finally, Sullivan's "Defendant City of Brooklyn Park's Memorandum of Law in Opposition to Plaintiff's Motion to Amend the Complaint" never addressed Plaintiff's 7/9/15 Motion.

69. The grossly fraudulent, grossly discriminatory and grossly felonious actions of City and LMC as described in paragraph 68, constituted Conspiracy to Defraud, Gross Conspiracy to Defraud, violated Procedural Due Process, 42 USC 1983, USC 18 Section 241, USC 18 Section 242, USC 18 Section 245 and USC 18 Section 1346.

70. On July 17, 2015 (7/17/15) Plaintiff submitted to the chambers of Magistrate Leung (via email) Plaintiff's Pre Settlement Meeting Confidential Report and a separate document entitled "Legal History" (History). This History document specifically informed the Court of ten additional gross violations of Plaintiff's constitutional rights by the defendants over the past sixteen years which had never been legally addressed by Plaintiff. Plaintiff provided History to support the reasonableness of Plaintiff's settlement offer outlined in Plaintiff's Pre Settlement Meeting Confidential Report.

71. On July 21, 2015 Magistrate Leung feloniously entered into US District Court case no. 15-cv-420 a statement [ECF 37] indicating <u>Plaintiff</u> had requested the Court postpone or cancel the 8/4/15 Settlement Conference.

72. On July 27, 2015 (7/27/15) Plaintiff filed a letter with the Court requesting the Court rule on Plaintiff's 7/9/5 Motion prior to the scheduled 8/4/15 settlement conference in ordered to avoid "any incidental impact the Court's ruling would have on Plaintiff's settlement position during the settlement conference". Additionally, this letter requested the Court "ensure that all parties participating in the scheduled 8/4/15 case settlement conference are legally qualified to enter into any potential settlement agreement in order to protect the integrity of the settlement process". On 7/27/15 the Court grossly and feloniously filed Plaintiff's 7/27/15 letter and Plaintiff's 7/17/15 History document as a single document as ECF 38 and utilized this unfiled information to grossly and fraudulently amend Plaintiff's 7/9/15 Motion. The Court's amending of Plaintiff's 7/9/15 Motion was not only grossly felonious but also grossly prejudicial given the Court's 6/1/15 Pretrial Scheduling Order which boldly stated **"All motions which seek to amend the pleadings, including without limitation, a motion for leave to amend to add parties must be served on or before July 15, 2015".**

15

## COMPLAINT

Plaintiff states that:

73. Plaintiff asserts that sometime between July 17, 2015 and July 27, 2015 the US District Court of Minnesota grossly and illegally removed Plaintiff's originally filed 7/9/15 Motion from the Court record leaving only Plaintiff's 7/9/15 filed Notice of Motion as an incompletely filed legal motion. The above described actions of the US District Court of Minnesota was grossly felonious, grossly fraudulent and grossly prejudicial.

74. On July 29, 2015 Plaintiff informed Sullivan (via an email letter) that her participation in the scheduled 8/4/15 settlement conference would be felonious and lead to additional charges against Sullivan and her organization. Further, Plaintiff's email letter informed Sullivan "Your continued participation in this case as 'counsel' is especially egregious given your illegal behavior has made your organization responsible for any financial damages awarded Plaintiff in the case".

75. On July 29, 2015 (7/29/15) the Court denied Plaintiff's 7/9/17 Motion based upon the Court's grossly felonious and grossly prejudicial amending of Plaintiff's motion utilizing Plaintiff's unfiled History document. Additionally, the Court's order denying Plaintiff' motion feloniously stated "The Court held a hearing on August 4, 2015. Plaintiff appeared *pro se*, and Jana O'Leary Sullivan appeared on behalf of Defendant". Further, this order feloniously stated the original case Complaint had been filed on February 2, 2015, that Plaintiff's Amended Complaint was filed under federal Rule of Procedure 15(a)(1)(A) and that Plaintiff's Motion to Amend the amended Complaint sought to add seven additional violations of Plaintiff's constitutional rights that were outlined in Plaintiff's unfiled History document. Finally, the Court's order fraudulently stated "Accordingly, Hudson's proposed amendments are futile" in apparent agreement with Sullivan's feloniously filed "Defendant City of Brooklyn Park's 'Memorandum of Law' in opposition to Plaintiff's Motion to Amend the Complaint" that never addressed Plaintiff's 7/9/15 Motion.

76. On July 30, 2015 Plaintiff filed a written request to file a motion for reconsideration regarding the Court's 7/29/15 order denying Plaintiff 7/9/15 Motion. This request outlined numerous fraudulent assertions within the 7/29/15 order and specifically informed the Court of its felonious assertion that Sullivan's feloniously filed 7/16/15 Memorandum of Law opposing Plaintiff's motion had argued Plaintiffs "proposed amendments would be futile because they fail to state a claim for which relief can be granted". Sullivan's 'pleading' did not cite 'additional allegations' as a basis of for denying Plaintiff's motion because no such additional allegations were ever part of Plaintiff's filed 7/9/15 Motion legally served to Sullivan. Additionally, Plaintiff's request pointed out to the Court 'the Court's denial of Plaintiff motion indicated it was appropriate to continue including the Brooklyn Park Police Department as a defendant in this matter' illegally.

77. On July 30, 2015 (7/30/15) Plaintiff filed a written request for the Court to rule on Plaintiff's 5/6/15 Motion. Plaintiff's request reminded the Court that during the 6/1/15 Pretrial Scheduling Conference the Court had informed Plaintiff that the Court's ruling regarding Plaintiff's motion for summary judgment would be "forthcoming shortly" and of the 'disadvantage' imposed upon

16

**COMPLAINT**

Plaintiff states that:

Plaintiff by the Court's failure to issue timely formal rulings regarding Plaintiffs motions. Finally, Plaintiff's written request reminded the Court that Plaintiff had opposed the defendants' 7/7/15 request to "postpone or cancel" the early settlement conference and that Plaintiff was <u>now</u> requesting this conference be delayed until the Court had legally on all Plaintiff's motions. However, the Court would never respond to Plaintiff's 7/30/15 request to postpone the case early settlement conference.

78. On July 31, 2015 (7/31/15) the Court feloniously amended it 7/29/15 order and again grossly and feloniously stated that Plaintiff's 7/9/15 Motion sought to add seven additional violations of Plaintiff's constitutional rights which were grossly and fraudulently extracted from Plaintiff's unfiled History document. Further the Court's felonious 7/31/15 Amended Order grossly and feloniously stated "Hudson's attempt to add named defendants is similarly futile. Hudson's proposed amendments—both those in his proposed Second Amended Complaint and in his letter to the Court—fail even to mention either Hennepin County or the State of Minnesota, let alone include any cognizable allegations against either entity". Additionally, the Court's felonious 7/31/15 Amended Order grossly and feloniously stated "Hudson's proposed Second Amended Complaint does set forth allegations that counsel for the League failed to "register as the legal representative" of Defendant before acting in that capacity in this matter. Defense counsel, however, is a member of the bar in good standing, and filed Defendant's answer in her role as Defendant's legal representative. Under the standard practice of this Court, this act is sufficient, and no additional notice of appearance need be filed by Defense counsel. Hudson's proposed Second Amended Complaint also asserts that Defense counsel's actions "have presumably damaged [him] in a general, non-pecuniary manner." (ECF No. 34-1 at 6.) Such a claim plainly fails to nudge any potential claim from the possible to the plausible. *See Iqbal*, 556 U.S. at 678-80. Most importantly for purposes of this Motion, Defense counsel's actions do not set forth facts that support a plausible claim for which Hudson may be granted relief".

79. On August 3, 2015 at 10:14am CDT the Court filed its official Report and Recommendation (8/3/15 R&R) to illegally deny Plaintiff's 5/6/15 Motion. The 8/3/15 R&R grossly and feloniously stated the original case Complaint had been filed on February 2, 2015 and that Plaintiff's Amended Complaint was filed under federal Rule of Procedure 15(a)(1)(A). Additionally, the 8/3/15 R&R stated grossly feloniously and grossly prejudicially "Nothing in the federal or local rules, however, requires defense counsel to file a Notice of Appearance before commencing representation before this Court. Defense counsel has submitted signed pleadings and motions this action, thus representing to this court that she is Defendants' legal counsel. Hudson-and more importantly, Defendants do not contest that Ms. Sullivan is, in fact, Defendants' counsel for this matter". The 8/3/15 R&R did not provide a single legal basis for denying Plaintiff's 5/6/15 Motion.

**COMPLAINT**

Plaintiff states that:

80. On August 3, 2015 at 10:16am CDT the Court filed Plaintiff's second written request to postpone the scheduled 8/4/15 case settlement conference in order to "allow Plaintiff every legal opportunity to potentially 'appeal' any formal ruling by the Court" regarding Plaintiff's 5/6/15 Motion. On this same date at 10:18am CDT the Court filed Plaintiff's third written request to postpone the scheduled 8/4/15 case settlement conference "until the Court has ruled on this request and Plaintiff has exhausted every legal opportunity to have [7/9/15] Motion fairly considered through the appeals process".

81. On August 4, 2015 (8/4/15) the Court fraudulently held the scheduled 8/4/15 case early settlement conference (conference), grossly and feloniously allowed Sullivan to grossly, fraudulently and prejudicially participate in the case early settlement conference after failing address Plaintiff's third request to postpone the case early settlement conference. The Court's failure to suspend additional case proceedings until after legally ruling on Plaintiff's pending motions was grossly prejudicial. During conference Magistrate Leung informed Plaintiff "what you're attempting to do is not easy", that Plaintiff should "focus on the future", not the past and that 'he could not make the defendants give Plaintiff money or anything like that'. When Plaintiff reminded the Court 'he was more interested in holding the defendants accountable for their unwillingness to enforce the law, their stated unwillingness to address Plaintiff's significant concerns outside of the legal process and the visible deterioration of Plaintiff's City over the past eighteen years Leung appeared stunned. Further during conference, Plaintiff proposed to accept the illegal 'amending' of his 7/9/15 Motion and to settle all 'second amended complaint allegations' for the Court minimum of seventy five thousand dollars. While Leung appeared to note this offer in his personal conference notes, Leung would fail to include Plaintiff's offer in the Court's Minute Entry and would never require the defendants to respond to Plaintiff's offer.

82. On August 4, 2015 the Court unethically issued a Hearing Noticed entitled "SETTLEMENT CONFERENCE" which fraudulently named "Jana M. O'Leary Sullivan" as a case defendant and illegally failed to reflect Plaintiff's conference settlement offer. On August 15, 2015 Plaintiff informed the Court (via email) that "Magistrate Leung failed to include Plaintiff's [generous settlement] offer in his August 4, 2015 official Minute Entry despite 'noting' the offer in his personal notes from his one hour discussion with Plaintiff". Additionally, this email requested "that the case filings reflect a 'settlement offer' Plaintiff made during the 8/4/15 Early Settlement Conference that generously extended an opportunity for the Defendants to 'settle' this matter and any pending charges for the Court minimum". However, the Court would never respond to Plaintiff's request to include Plaintiff's settlement offer in the Court's record reflecting the early case settlement conference 'proceeding'.

83. On August 4, 2015 (8/4/15) Plaintiff filed a written request with the Court for a 30-day extension of time in order to 'appeal' the Court's 7/31/15 Amended Order again denying Plaintiff's 7/9/15 Motion and 'object to' the Court's 8/3/15 R&R. On August 6, 2015 US District Court Judge Patrick J. Schiltz illegally issued an order (8/6/15 order) "GRANT[ING] IN PART" Plaintiff 8/4/15 request for a 30-day time extension. The 8/6/15 order granting Plaintiff until August 25,

18

### COMPLAINT

Plaintiff states that:

2015 to 'object to' the 8/3/15 R&R did not address Plaintiff's request for a time extension to 'appeal' the Court's grossly felonious denial of Plaintiff's 7/9/15 Motion to amend.

84. On August 7, 2015 emailed the chamber of Magistrate Leung informing the Court that the illegally issued 8/6/15 order did not address Plaintiff's request for a time extension in 'appealing' Magistrate Leung's 7/31/15 Amended Order denying Plaintiff's 7/9/15 Motion. Plaintiff's request for Magistrate Leung to legally address Plaintiff's 8/4/15 request for a 30-day time extension to appeal the 7/31/15 Amended Order was filed by the Court on 8/11/15 as ECF 50.

85. On August 11, 2015 Plaintiff notified the Court of his intent to voluntarily dismiss the case amended complaint on advice of counsel due to the fact that "Magistrate Leung's continued support of the legally fraudulent behavior of Jana O'Reilly Sullivan (Sullivan's), purported 'Defense counsel 'in this case, has clearly been 'discriminatory'". Plaintiff's notice was filed as "NOTICE OF CASE AMENDED COMPLAINT DISMISSAL WITHOUT PRDJUDICE".

86. On August 11, 2015 (8/11/15) Judge Schiltz feloniously issued an order grossly and feloniously stating "Both defendants have Answered, *see* ECF No. 8, and neither has signed a stipulation of dismissal". The 8/11/15 order illegally denying Plaintiff's request to voluntarily dismiss the case amended complaint was grossly felonious, grossly fraudulent and grossly prejudicial. Additionally, the 8/11/15 order grossly and fraudulently stated that the 8/6/15 order had legally granted Plaintiff's 8/4/15 request for a 30-day time extension to appeal the 7/31/15 Amended Order of Magistrate Leung by stating "Hudson's confusion may stem from his use of the word "appeal" to refer to the procedure for obtaining review of a magistrate judge's order. Under the Local Rules, however, one "objects" to a magistrate judge's order just as one "objects" to an R&R. *See* D. Minn. L.R. 72.2". Magistrate Leung never responded to Plaintiff's request for a 30-day time extension to appeal his 7/31/15 denial of Plaintiff's 7/9/15 Motion as required under the Federal Rules of Civil Procedure and D. Minn. L.R. 72.2.

87. On August 25, 2015 (8/25/15) Plaintiff filed a Complaint of Judicial Misconduct and Disability (judicial complaint) against Magistrate Tony. N. Leung with the United States Court of Appeals Eight Circuit. Plaintiff's judicial complaint was based upon Magistrate Leung's amending of Plaintiff's 7/9/15 Motion. On this same date Plaintiff gave a copy of the Judicial Complaint to the clerk of the US District Court of Minnesota located in the Warren E. Burger United States Court House. On August 31, 2015 (8/31/15) the Eight Circuit Court of Appeals formally accepted Plaintiff's judicial complaint.

88. On August 26, 2015 (8/26/15) Judge Schiltz grossly and fraudulently issued an order adopting the grossly fraudulent, grossly felonious and grossly prejudicial 8/3/15 R&R without citing a single legal basis for legally denying Plaintiff's 7/9/15 Motion. Further, 8/26/15 order fraudulently stated "...no objections to said Recommendation having been filed" despite the Court's 8/6/15 order illegally "GRANT[ING] IN PART" Plaintiff 8/4/15 request for a 30-day

**COMPLAINT**

Plaintiff states that:

time extension regarding 'objecting to' the 8/3/15 R&R. Further, the 8/26/15 order did not contain the name of US District Court Judge Patrick J. Schiltz. Finally, the Court's failure to legally rule on Plaintiff's 5/6/15 Motion prior to holding the 8/4/15 case early settlement conference was grossly fraudulent and grossly prejudicial.

89. On September 8, 2015 (9/8/15) Plaintiff filed with the Court a request entitled "Service of Plaintiff's judicial complaint against Magistrate Tony N. Leung". This document informed the Court that the Court was procedurally required to add Plaintiff's judicial complaint to the case Court record on 8/25/15, to have immediately served the judicial complaint upon the case defendants and requested the Court reconsider the denial of Plaintiff's 7/9/15 Motion.

90. On September 11, 2015 (9/11/15) Plaintiff filed a document with the Court entitled "Plaintiff's 2nd request for the court to electronically serve Plaintiff's judicial complaint against Magistrate Tony N. Leung". This second request stated that the judicial complaint had not been entered in Court's record, that the Court had not addressed Plaintiff's request to perform service of process regarding the judicial complaint and that the Court had not yet indicated its intent regarding the reconsideration of Plaintiff's 7/9/15 Motion.

91. On September 11, 2015 Plaintiff emailed a copy of the judicial complaint to Sullivan due to the Court's refusal to immediately serve the defendants the filed judicial complaint.

92. On September 14, 2015 (9/14/15) Plaintiff filed a document with the Court entitled "3rd request for the court to serve Plaintiff's judicial complaint filed against Magistrate Tony N. Leung and reconsider Plaintiff's Motion to Amend".

93. On September 14, 2015 United States District Court Judge Patrick J. Schiltz issued a grossly illegal order (9/14/15 order) denying the Court's obligations to add the judicial complaint to the Court's record and serve the judicial complaint upon the case defendants. Further, Schiltz's order denied Plaintiff's 7/9/15 Motion reconsideration request based upon Schiltz's 8/6/15 order which fraudulently granted Plaintiff's a 30-day time extension to appeal the 7/31/15 Amended Order of Magistrate Leung. Schiltz's 9/14/15 order denying the reconsideration of Plaintiff's 7/9/15 Motion unethically stated "Accordingly, to the extent his [Plaintiff's] motion is directed to the undersigned, it is denied". Further, Schiltz's order fraudulently stated "Finally, the Court notes that Hudson has indicated that he intends to appeal the Court's denial of his motions for summary judgment [5/6/15 Motion]. The Court's order denying those motions is not appealable. *See Small v. McCrystal*, 708 F.3d 997, 1002 (8th Cir. 2013) (appellate courts ordinarily lack jurisdiction to immediately review a denial of summary judgment)". Finally, while Schiltz's order specially denied Plaintiff's first and second request for the Court to serve the judicial complaint [ECF no. 53, 54] it never denied Plaintiff's request for reconsideration of Plaintiff's 7/9/15 Motion. Consequently, the Court never responded to Plaintiff's 9/14/15 request for the Court to serve the judicial complaint [ECF 56] nor Plaintiff's 9/8/15, 9/11/15 or 9/14/15 requests to reconsider Plaintiff's 7/9/15 Motion [ECF Nos. 53, 54 and 56].

20

**COMPLAINT**

Plaintiff state that:

94. On September 16, 2015 Plaintiff requested the clerk of the US District Court (Minneapolis) file two Federal Tort Claims (Claims) with the Director of the Administrative Office of the United States Courts against the US District Court of Minnesota. After informing Plaintiff that the Claims would be forwarded for consideration by the Administrative Office of the United States Courts the Claims were fraudulently filed as part of the Court 's grossly felonious record regarding US District Court case no. 15-cv-0420. On this same date the Court grossly and fraudulently granted Plaintiff "Court Approval to Refile [case] Original Complaint within a different Court within the 8th District of Minnesota".

95. On September 16, 2015 Plaintiff informed Sullivan (via email) of Plaintiff's intent to refile an original complaint in US District Court case no. 15-cv-420 within the 8th District of Minnesota. Additionally, Plaintiff's email informed Sullivan of Plaintiff's intent to communicate directly with defendant City regarding the future resolution of this matter given her organization's incredulously fraudulent behavior. On September 17, 2015 Sullivan fraudulently informed Plaintiff (via email) that any attempt by Plaintiff to directly contact defendant City would be "violating the Court directives, as outlined in the May 18, 2015 order, the June 1, 2105 hearing, and at other times" regarding Sullivan's legal status as 'counsel of record' for defendant City. Further, this Sullivan email grossly and fraudulently stated "If you violate the Court's orders and contact my client directly about this lawsuit, on behalf of the City, I will pursue any and all legal remedies against you, including monetary sanctions".

96. The grossly fraudulent, grossly discriminatory and grossly felonious actions of City and LMC as described in paragraph 95, constituted Conspiracy to Defraud, Gross Conspiracy to Defraud, violated Procedural Due Process, 42 USC 1983, USC 18 Section 241, USC 18 Section 242, USC 18 Section 245 and USC 18 Section 1346.

97. On September 17, 2015 Sullivan emailed the chamber of Magistrate Leung seeking 'Court support' in preventing Plaintiff from legally contacting defendant City regarding the filing of a new original complaint in US district Court case no. 15-cv-420. This email stated "On behalf of my client, I respectfully request that you again reiterate that Mr. Hudson is not to directly contact my client about this lawsuit and impose any and all remedies that may be available".

98. The grossly fraudulent, grossly discriminatory and grossly felonious actions of City and LMC as described in paragraph 97, constituted Conspiracy to Defraud, Gross Conspiracy to Defraud, violated Procedural Due Process, 42 USC 1983, USC 18 Section 241, USC 18 Section 242, USC 18 Section 245 and USC 18 Section 1346.

**COMPLAINT**

Plaintiff state that:

99. On September 18, 2015 Plaintiff emailed Sullivan stating the following "You currently are not, nor have you ever been, legal counsel for the City of Brooklyn Park in US District Court case no. 15-cv-0420. If you again contact me or the Court regarding this private matter I will file a legal complaint against your organization seeking appropriate monetary damages. Finally, the Court has never issued any order prohibiting me from directly contacting any of the defendants in US District Court case no. 15-cv-0420". Magistrate Leung was copied on this email communication.

100. On September 23, 2015 the Law Clerk for the Magistrate Judge Tony Leung, Gordon F. Knoblach emailed Plaintiff and Sullivan in apparent response to Sullivan's request for 'court support' and Plaintiff's staunch refusal to recognize Sullivan as 'legal counsel' for the defendants. This email feloniously stated "the Court reminds Mr. Hudson that he was previously ordered to direct all communication regarding this matter through Ms. Sullivan, Defendant's counsel of record. (ECF No. 21).

101. On September 23, 2015 Plaintiff informed the Court that Plaintiff was not aware of the Court's written order illegally requiring Plaintiff to direct all case communication through Ms. Sullivan, defendant's 'counsel of record' and that if Plaintiff had been erroneously excluded from receiving this Court order to please forward this order immediately to eliminate any unintentional Court order violations by Plaintiff.

102. On September 24, 2015 the Court feloniously filed a Court order grossly and fraudulently denying Plaintiff's Federal Tort Claims which were never filed with the Director of the Administrative Office of the United States Courts as required by federal law. Further, the Court's record which reflects this order as "denying [58] Request, [57] Request" coupled with the incomplete title of US District Court Judge Patrick J. Schiltz nullified this 'order'.

103. On September 25, 2015 (9/25/15) the Court grossly and feloniously filed a Court order fraudulently stating that Plaintiff was granted permission and filed a Motion for Reconsideration regarding Plaintiff's 7/9/15 Motion and that the Court's 9/25/15 order was now denying this motion. Finally, the 9/25/14 order grossly and feloniously stated "After reviewing Plaintiff's motion and requests, which essentially ask the Court to reconsider its Amended Order and reargue the merits, the Court denies his request for reconsideration because he has not sought the Court's prior permission or presented any compelling circumstances or arguments to support his motion."

104. The Court's grossly illegal deletion of Plaintiff's 7/9/15 Motion originally filed by the Court as ECF 34, the grossly illegal labeling of Plaintiff's 7/9/15 letter [ECF 35] as "re: Motion to Amend Complaint 35", the Court's 7/29/15 order [ECF 39] fraudulently "recommend[ing]" the denial of Plaintiff's 7/9/15 Motion and the Court's 7/31/15 order [ECF 42] denying Plaintiff's motion based upon Plaintiff's deleted 7/9/15 Motion [ECF 34] was grossly felonious, grossly prejudicial, grossly fraudulent constituted Gross Conspiracy to Defraud.

## COMPLAINT

Plaintiff state that:

105. Finally, on September 15, 2015 (9/15/15) Plaintiff reported to BPPD that the same large dog that had aggressively pursued Plaintiff on June 6, 2014 while unrestrained on a neighbor's property had repeated this behavior towards Plaintiff on September 11, 2015 (9/11/15) while Plaintiff was walking 30 yards away. For the prior twelve months Plaintiff had avoided walking on the street or path around the home of the dog owner after BPPD recommended to Plaintiff 'just walk in a different direction'. In response to the 9/11/15 behavior of the animal and the owner's failure to even attempt to restrain the animal after witnessing Plaintiff's presence prior to the dog, Plaintiff informed the owner to inform her husband 'the next time the dog behaves similarly on property not its own Plaintiff would shoot the animal'. In response to Plaintiff's 'threat' the dog's owner contacted BPPD. After arriving at Plaintiff's home a BPPD officer interviewed Plaintiff and at that time Plaintiff informed the officer of the dog's prior behavior towards Plaintiff. In addition, Plaintiff informed the officer that due to the Dressels' repeated refusal to properly restrain the animal (a breed well-known to exhibit aggressive behavior) Plaintiff intended to file another Potentially Dangerous Dog complaint as well as utilize lethal force to defend himself against the dog in the future.

106. Further, at no time during Plaintiff's interview by the BPPD did the BPPD officer indicate to that Plaintiff had violated any Minnesota legal statute. Despite this fact, the BPPD Police Report (BPPD #: 2015-00042248) documenting the 9/11/15 incident described the incident as an 'Assault' and libelously stated that Plaintiff's actions had violated MS 609.713 subd. 2 – Threatening an individual with an explosive or explosive device. Additionally, the official report falsely indicated that the 9/11/15 incident occurred on the private property of Dave and Jessica Dressel. BPPD's incorrect reporting of the location at which the 9/11/15 incident occurred constituted the filing of a false police report. To date, Plaintiff's 9/15/15 Potentially Dangerous Dog complaint has not been processed by the BPPD.

107. The unconstitutional, discriminatory and grossly negligent actions of City as described in paragraph 106, violated Plaintiff's Right to Equal Protection under the Law, 42 USC 1983, constituted Negligence and Conspiracy to Defraud and Gross Libel.

Plaintiff asserts that the actions and statements of the civil servant defendants, as described in this Complaint, demonstrate these defendants' perception of 'legal operating impunity' which they apparently perceive to include legal protection from civil and criminal charges.


Subscribed and sworn to before me          Signature _____
The 12th day of October 2015                              Stephen C. Hudson - Plaintiff
                                                          8700 Stratford Crossing
                                                          Brooklyn Park, MN  55443
                                                          763.203.9710
_____          Stevehudsn2009@live.com
Clerk of the Court

23

**From:**  Sullivan, Jana
**Sent:**  Tuesday, September 29, 2015 7:07 PM
**To:**  'Gate Keepers'
**Cc:**  Chilcott, Sue; Wayne, Debbie; Hatlestad, Debra
**Subject:**  RE: US District Court Case No. 15-CV-420

Ex. 7

Mr. Hudson,

You need to immediately cease and desist from contacting my client, the City of Brooklyn Park. All contact should be through me. The Court has repeatedly ordered you – most recently, last week –to stop contacting the City directly and communicate through me. Indeed, you acknowledge the Court's orders in the documents you attached to the email you sent today to the City and Tom Grundhoefer. And yet you persist. It does not matter that you disagree with the Court's decisions; you must obey the Court's orders unless they are overturned/reversed by the Eighth Circuit Court of Appeals.

In addition, the Court has denied your motions to amend the Complaint to include additional claims against the City and/or add claims against me, the League of Minnesota Cities, the State of Minnesota, and Hennepin County. Again, it does not matter that you disagree with these decisions. These decisions are controlling in this case unless they are overturned/reversed by the higher court.

You have indicated to me and the Court that you have retained an attorney to assist in this matter. Was that not true? If it is true, please direct all communications through that attorney.

I will be filing a motion shortly to compel you to obey the Court's orders, including the order not to directly communicate with the City. I will be asking the Court for any and all relief to which the City and I are entitled, including the cost of my time and costs in pursuing this motion to compel.

**Jana O'Leary Sullivan** | Attorney
Tel: (651) 281-1243 | Fax: (651) 281-1298
jsullivan@lmc.org | www.lmc.org
League of Minnesota Cities
145 University Ave. West | St. Paul, MN 55103

*Connecting & Innovating since 1913*

 Web   Facebook  Twitter  Blog



This transmission may contain information that is privileged, confidential, and protected by the attorney-client privilege or attorney work product privilege. If you are not the addressee, note that any disclosure, copying, distribution, or use of the contents of this message is strictly prohibited. If you have received this transmission in error, please destroy it and notify us immediately at our telephone number (651) 281-1200.

**From:**        Grundhoefer, Tom
**Sent:**        Wednesday, September 30, 2015 3:53 PM
**To:**          Richardson, Darin; Sullivan, Jana
**Subject:**     FW: US District Court Case No. 15-CV-420

fyi

Ex 8

**Tom Grundhoefer|** General Counsel
Tel: (651) 281-1266| Cell: (651) 295-1399
tgrundho@lmc.org | www.lmc.org
League of Minnesota Cities
145 University Ave. West | St. Paul, MN 55103

*Connecting & innovating since 1913*

**From:** Gate Keepers [mailto:stevehudson2009@live.com]
**Sent:** Wednesday, September 30, 2015 3:46 PM
**To:** jay.stroebel@brooklynpark.org; Grundhoefer, Tom <TGrundho@lmc.org>
**Subject:** Fw: US District Court Case No. 15-CV-420

Mr. Stroebel and Mr. Grundhoefer:

I received the attached email communication from Jana O'Leary Sullivan on 9/29/15. If Ms. Sullivan again contacts me or the Court in reference to this case my offer to resolve the allegations outlined in the new original complaint outside of the legal process will be immediately rescinded . If Ms. Sullivan's actions are an indication of your unwilling to resolve this matter outside of the legal system please indicate this fact immediately as to not delay this proceeding any longer.

Steve Hudson

**From:** Sullivan, Jana <jsullivan@lmc.org>
**Sent:** Tuesday, September 29, 2015 5:07 PM
**To:** 'Gate Keepers'
**Cc:** Chilcott, Sue; Wayne, Debbie; Hatlestad, Debra
**Subject:** RE: US District Court Case No. 15-CV-420

Mr. Hudson,

You need to immediately cease and desist from contacting my client, the City of Brooklyn Park. All contact should be through me. The Court has repeatedly ordered you – most recently, last week –to stop contacting the City directly and communicate through me. Indeed, you acknowledge the Court's orders in the documents you attached to the email you sent today to the City and Tom Grundhoefer. And yet you persist. It does not matter that you disagree with the Court's decisions; you must obey the Court's orders unless they are overturned/reversed by the Eighth Circuit Court of Appeals.

In addition, the Court has denied your motions to amend the Complaint to include additional claims against the City and/or add claims against me, the League of Minnesota Cities, the State of Minnesota, and Hennepin County. Again, it

1

This transmission may contain information that is privileged, confidential, and protected by the attorney-client privilege or attorney work product privilege.  If you are not the addressee, note that any disclosure, copying, distribution, or use of the contents of this message is strictly prohibited.  If you have received this transmission in error, please destroy it and notify us immediately at our telephone number (651) 281-1200.

| | |
|---|---|
| **From:** | Sullivan, Jana |
| **Sent:** | Wednesday, September 30, 2015 3:59 PM |
| **To:** | 'Gate Keepers' |
| **Cc:** | Chilcott, Sue; Wayne, Debbie; Hatlestad, Debra |
| **Subject:** | FW: US District Court Case No. 15-CV-420 |

> Ex. 9

Mr. Hudson,

I repeat: Do not contact my client, the City of Brooklyn Park. Each time you contact my client, you are violating the Court's clear and repeated orders. The City/Mr. Stroebel will not respond to you. They will only communicate through me. Also, you do not have a valid claim/lawsuit against me or the League of Minnesota Cities. The Court denied your motion to assert claims against me, the League, the State, and Hennepin County. As such, Mr. Grunhoefer will not respond to you. You must stop violating the Court's orders.

**Jana O'Leary Sullivan** | Attorney
Tel: (651) 281-1243 | Fax: (651) 281-1298
jsullivan@lmc.org | www.lmc.org
League of Minnesota Cities
145 University Ave. West | St. Paul, MN 55103

*Connecting & Innovating since 1913*

 Web  Facebook  Twitter  Blog

 **Please consider the environment before printing this e-mail**



*NOTICE: This message is from the litigation department of the League of Minnesota Cities. This transmission may contain information that is privileged, confidential, and protected by the attorney-client privilege or attorney work product privilege. If you are not the addressee, note that any disclosure, copying, distribution or use of the contents of this message is prohibited. If you have received this transmission in error, please destroy it and notify the sender by e-mail or calling 651.281.1243.*

**From:** Gate Keepers [mailto:stevehudson2009@live.com]
**Sent:** Wednesday, September 30, 2015 3:46 PM
**To:** jay.stroebel@brooklynpark.org; Grundhoefer, Tom <TGrundho@lmc.org>
**Subject:** Fw: US District Court Case No. 15-CV-420

Mr. Stroebel and Mr. Grundhoefer:

I received the attached email communication from Jana O'Leary Sullivan on 9/29/15. If Ms. Sullivan again contacts me or the Court in reference to this case my offer to resolve the allegations outlined in the new original complaint outside of the legal process will be immediately rescinded . If Ms. Sullivan's actions are an indication of your unwilling to resolve this matter outside of the legal system please indicate this fact immediately as to not delay this proceeding any longer.

Steve Hudson

---

**From:** Sullivan, Jana <jsullivan@lmc.org>
**Sent:** Tuesday, September 29, 2015 5:07 PM
**To:** 'Gate Keepers'
**Cc:** Chilcott, Sue; Wayne, Debbie; Hatlestad, Debra
**Subject:** RE: US District Court Case No. 15-CV-420

Mr. Hudson,

You need to immediately cease and desist from contacting my client, the City of Brooklyn Park. All contact should be through me. The Court has repeatedly ordered you – most recently, last week –to stop contacting the City directly and communicate through me. Indeed, you acknowledge the Court's orders in the documents you attached to the email you sent today to the City and Tom Grundhoefer. And yet you persist. It does not matter that you disagree with the Court's decisions; you must obey the Court's orders unless they are overturned/reversed by the Eighth Circuit Court of Appeals.

In addition, the Court has denied your motions to amend the Complaint to include additional claims against the City and/or add claims against me, the League of Minnesota Cities, the State of Minnesota, and Hennepin County. Again, it does not matter that you disagree with these decisions. These decisions are controlling in this case unless they are overturned/reversed by the higher court.

You have indicated to me and the Court that you have retained an attorney to assist in this matter. Was that not true? If it is true, please direct all communications through that attorney.

I will be filing a motion shortly to compel you to obey the Court's orders, including the order not to directly communicate with the City. I will be asking the Court for any and all relief to which the City and I are entitled, including the cost of my time and costs in pursuing this motion to compel.

**Jana O'Leary Sullivan** | Attorney
Tel: (651) 281-1243 | Fax: (651) 281-1298
jsullivan@lmc.org | www.lmc.org
League of Minnesota Cities
145 University Ave. West | St. Paul, MN 55103
*Connecting & Innovating since 1913*

 Web   Facebook   Twitter   Blog



| | |
|---|---|
| **From:** | Sullivan, Jana |
| **Sent:** | Wednesday, September 30, 2015 6:24 PM |
| **To:** | Chilcott, Sue; Wayne, Debbie |
| **Subject:** | Fwd: US District Court Case No. 15-CV-420 |
| **Attachments:** | image012.png; image013.jpg; image014.jpg; image015.png; image016.jpg; image001.png; image002.jpg; image003.jpg; image004.png; image005.png |

Ex 10

Sent from my iPhone

Begin forwarded message:

**From:** Gate Keepers <stevehudson2009@live.com>
**Date:** September 30, 2015 at 6:15:09 PM CDT
**To:** "jay.stroebel@brooklynpark.org" <jay.stroebel@brooklynpark.org>,
"tgrundhocfcr@lmc.org" <tgrundhocfcr@lmc.org>
**Cc:** "Sullivan, Jana" <jsullivan@lmc.org>
**Subject: Fw: US District Court Case No. 15-CV-420**

Please find a attached a revised original complaint in US District Court case no. 15-CV-420 reflecting the grossly fraudulent, grossly discriminatory and grossly felonious behavior of the City of Brooklyn Park, the League of Minnesota Cities and the US District Court of Minnesota which occurred on 9/29/15 and 9/30/15. Plaintiff will be filing this complaint October 1, 2015.

------

**From:** Sullivan, Jana <jsullivan@lmc.org>
**Sent:** Wednesday, September 30, 2015 1:59 PM
**To:** 'Gate Keepers'
**Cc:** Chilcott, Sue; Wayne, Debbie; Hatlestad, Debra
**Subject:** FW: US District Court Case No. 15-CV-420

Mr. Hudson,

I repeat: Do not contact my client, the City of Brooklyn Park. Each time you contact my client, you are violating the Court's clear and repeated orders. The City/Mr. Stroebel will not respond to you. They will only communicate through me. Also, you do not have a valid claim/lawsuit against me or the League of Minnesota Cities. The Court denied your motion to assert claims against me, the League, the State, and Hennepin County. As such, Mr. Grunhoefer will not respond to you. You must stop violating the Court's orders.

**Jana O'Leary Sullivan** | Attorney
Tel: (651) 281-1243 | Fax: (651) 281-1298
jsullivan@lmc.org | www.lmc.org

1

League of Minnesota Cities
145 University Ave. West | St. Paul, MN 55103
*Connecting & Innovating since 1913*

Web  Facebook  Twitter  Blog

**Please consider the environment before printing this e-mail**

*NOTICE: This message is from the litigation department of the League of Minnesota Cities. This transmission may contain information that is privileged, confidential, and protected by the attorney-client privilege or attorney work product privilege. If you are not the addressee, note that any disclosure, copying, distribution or use of the contents of this message is prohibited. If you have received this transmission in error, please destroy it and notify the sender by e-mail or calling 651.281.1243.*

**From:** Gate Keepers [mailto:stevehudson2009@live.com]
**Sent:** Wednesday, September 30, 2015 3:46 PM
**To:** jay.stroebel@brooklynpark.org; Grundhoefer, Tom <TGrundho@lmc.org>
**Subject:** Fw: US District Court Case No. 15-CV-420

Mr. Stroebel and Mr. Grundhoefer:


I received the attached email communication from Jana O'Leary Sullivan on 9/29/15. If Ms. Sullivan again contacts me or the Court in reference to this case my offer to resolve the allegations outlined in the new original complaint outside of the legal process will be immediately rescinded . If Ms. Sullivan's actions are an indication of your unwilling to resolve this matter outside of the legal system please indicate this fact immediately as to not delay this proceeding any longer.


Steve Hudson

_____

**From:** Sullivan, Jana <jsullivan@lmc.org>
**Sent:** Tuesday, September 29, 2015 5:07 PM
**To:** 'Gate Keepers'
**Cc:** Chilcott, Sue; Wayne, Debbie; Hatlestad, Debra
**Subject:** RE: US District Court Case No. 15-CV-420

2

Mr. Hudson,

You need to immediately cease and desist from contacting my client, the City of Brooklyn Park. All contact should be through me. The Court has repeatedly ordered you – most recently, last week –to stop contacting the City directly and communicate through me. Indeed, you acknowledge the Court's orders in the documents you attached to the email you sent today to the City and Tom Grundhoefer. And yet you persist. It does not matter that you disagree with the Court's decisions; you must obey the Court's orders unless they are overturned/reversed by the Eighth Circuit Court of Appeals.

In addition, the Court has denied your motions to amend the Complaint to include additional claims against the City and/or add claims against me, the League of Minnesota Cities, the State of Minnesota, and Hennepin County. Again, it does not matter that you disagree with these decisions. These decisions are controlling in this case unless they are overturned/reversed by the higher court.

You have indicated to me and the Court that you have retained an attorney to assist in this matter. Was that not true? If it is true, please direct all communications through that attorney.

I will be filing a motion shortly to compel you to obey the Court's orders, including the order not to directly communicate with the City. I will be asking the Court for any and all relief to which the City and I are entitled, including the cost of my time and costs in pursuing this motion to compel.

**Jana O'Leary Sullivan** | Attorney
Tel: (651) 281-1243 | Fax: (651) 281-1298
jsullivan@lmc.org | www.lmc.org
League of Minnesota Cities
145 University Ave. West | St. Paul, MN 55103

*Connecting & Innovating since 1913*

Web    Facebook    Twitter    Blog

3

This transmission may contain information that is privileged, confidential, and protected by the attorney-client privilege or attorney work product privilege.  If you are not the addressee, note that any disclosure, copying, distribution, or use of the contents of this message is strictly prohibited.  If you have received this transmission in error, please destroy it and notify us immediately at our telephone number (651) 281-1200.

**From:**          Gate Keepers <stevehudson2009@live.com>
**Sent:**          Friday, October 02, 2015 3:48 PM
**To:**            jay.stroebel@brooklynpark.org; craig.enevoldsen@brooklynpark.org; Grundhoefer, Tom
**Subject:**       US District Court case no. 15-CV-420
**Attachments:**   2nd Amended Complaint Settlement Offer.pdf

Please see the attached Second Amended Complaint Settlement offer.

Ex 11

October 2, 2015

| Mr. Jay Stroebel | Mr. Craig Enevoldsen | Mr. Thomas Grundhoefer |
|---|---|---|
| City Manager | Police Chief | General Counsel |
| City of Brooklyn Park | City of Brooklyn Park | League of Minnesota Cities |
| 5200 85th Avenue N. | 5400 85th Avenue N. | 145 University Ave. West |
| Brooklyn Park, MN. 55443 | Brooklyn Park, MN 55443 | St. Paul, MN 55103 |

Gentlemen:

I am the Plaintiff in a U.S District Court case no. 15-CV-0420 and I am contacting you regarding your non-response to allegations found within the second amended complaint filed with the Court on October 1, 2015 (ECF 65). Under Federal Rules of Civil Procedure you were legally required to deny the second amended complaint allegations within twenty four hours of this document being electronically served upon you by the Court. Your non response entitles me to seek monetary damages based upon these undisputed allegations and accordingly, I have outlined below a second amended complaint settlement offer in hopes of avoiding further legal action in this unnecessarily fiscally costly matter.

| Charges | City of Brooklyn Park | Brooklyn Park Police Department | League of Minnesota Cities | Charges Total |
|---|---|---|---|---|
| Conspiracy to Defraud | $200,000 | - | $350,000 | $550,000 |
| Gross Conspiracy to Defraud | $350,000 | - | $500,000 | $850,000 |
| Negligence | $50,000 | $50,000 | - | $100,000 |
| Gross Negligence | $75,000 | - | $300,000 | $375,000 |
| Gross Libel | - | $50,000 | $100,000 | $150,000 |
| Right to Privacy | $50,000 | $150,000 | - | $200,000 |
| Equal Protection under Law | $750,000 | $150,000 | $2,000,000 | $2,900,000 |
| Actual Damages Value | $1,475,000 | $400,000 | $3,250,000 | 5,125,000 |
| Damages Settlement Offer | $175,000 | $50,000 | 100,000 | $325,000 |

The settlement offer amount of $325,000 reflects a 30% increase over the amount of financial relief Plaintiff requested in his proposed second amendment complaint filed with the Court on July 9, 2015 (ECF 34). This increase reflects the grossly fiscally negligent behavior of the defendants regarding this matter and the City of Brooklyn Park's unwillingness to initially resolve this matter outside of the legal process. This settlement offer, including payment, must be finalized no later than close of business Thursday, October 15, 2015 to avoid service of the second amended complaint by Plaintiff.

Regards,

Stephen Hudson
Plaintiff